ELIZABETH P. MACNAUGHTAN *vs.* COMMONWEALTH.

Berkshire. February 23, 1915. — April 1, 1915.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Of value. *Mount Everett State Reservation.*

At the trial of a petition for the assessment of damages for land taken under St. 1908, c. 571, for the Mount Everett State Reservation, where the land taken consists of a parcel of about two hundred and fifty acres including the summit of the mountain and of a parcel of about sixty-two acres including a pond of sixteen acres, the value of both parcels being chiefly sentimental "as a sight seeing place," it is within the discretionary power of the presiding judge to exclude evidence of the value of a parcel of land on the other side of the mountain, which is without value as a mere sight seeing place but has value because of its wood and timber and because of its connection with other properties; even if the dissimilarity between the land taken and land whose value is offered in evidence does not require the exclusion of the evidence upon objection.

At the trial of a petition for the assessment of damages for land taken under statutory authority for a public reservation, it is within the discretionary power of the presiding judge to exclude evidence of the price paid for the land taken under an option, which was procured, by one who afterwards became a

member of the commission in charge of the reservation and conveyed the land to the Commonwealth, for the purpose of showing to the Legislature the price for which the land could be bought.

PIERCE, J.  On June 2, 1908 (St. 1908, c. 571), the Legislature "authorized and directed" a commission "to take, or acquire by purchase, gift or otherwise, land situate in the Mount Everett mountain range in the towns of Mount Washington and Sheffield, and the land so acquired shall be known as the Mount Everett State Reservation." In pursuance of this direction and authorization the commission appointed under the act took from the petitioner two parcels of land, one known as the "Dome tract," containing about two hundred and fifty acres, including the summit of the mountain, and the other known as the "Pond tract" containing about sixty-two acres, including a pond of sixteen acres, situated on the mountain a few hundred feet from the summit.  The value of these tracts did not consist so much in the land itself as in its "sentimental value . . . as a sight seeing place," or in the lake except "as an attraction to such a property."

Between these two parcels and extending beyond them down the other side of the mountain was the Whitbeck land.  This land and the two parcels taken were in respect to ravines, ledges and general roughness of surface topographically similar; however there was no pond upon the Whitbeck land and it was without value as a mere sight seeing place.  But because of its wood and timber, and because of its connection with other properties, it had a greater value as land and a less value due to location than the parcels taken.

After the introduction of the bill but before its enactment, one Collins obtained from Whitbeck, the owner of the Whitbeck parcel, an option of purchase for the purpose of showing to the Legislature the price for which the land could be bought.  In October, 1908, following the enactment of the statute, Collins, now a member of the commission, exercised his option and the land was conveyed to the Commonwealth.

At the hearing upon this petition for the assessment of damages under § 4 of the act the respondent offered to show the price it paid, which was that named in the option, but the evidence was excluded * and the respondent excepted.

---

* By *Fox*, J., who presided at the trial.

We are of opinion that there was such dissimilarity between the Whitbeck property and the two parcels of the petitioner as to justify if it did not require the exclusion of the testimony. Nor can we say that the optional price procured for the admitted purpose of influencing legislation was so indubitably fair as to be a reasonable test of market value.

"Questions which arise as to the competency of evidence of this character must be left largely to the discretion of the presiding judge." *Burley* v. *Old Colony Railroad,* 219 Mass. 483, 485. *Paine* v. *Boston,* 4 Allen, 168.

*Exceptions overruled.*

The case was submitted on briefs.

*H. C. Attwill,* Attorney General, *A. E. Seagrave,* Assistant Attorney General, for the Commonwealth.

*J. F. Noxon & R. G. Dodge,* for the petitioner.