DAVID COBB *vs.* CITY OF BOSTON.

Upon the trial of an issue to determine the value of land taken by the city of Boston under St. 1867, *c.* 308, which empowers the city to take certain land and raise the grade so as to abate a nuisance, the question is what was its market value at the time of the taking; neither the fact that improvements were afterwards made by the city, nor that they were contemplated before the land was actually taken, is competent as independent evidence, to show what the market value was; and the exclusion of evidence of proceedings of the city council, showing the contemplated improvements, and published before the taking, affords no ground of exception.

Upon the trial of an issue to determine the value of land taken by the city of Boston under St. 1867, *c.* 308, evidence of the sum paid by the city for other land similarly situated, by agreement with its owner, is inadmissible as evidence of the market value of the land taken.

BILL IN EQUITY under St. 1867, *c.* 308, (which empowered the city of Boston to take certain land and raise the grade so as to abate a nuisance,) for the assessment of damages for lands taken by the city on May 9, 1868, under that act. See 109 Mass. 438.

Upon the trial by a jury in this court, before *Gray*, J., of the issue what at the time of the taking was the value of the land of David Cobb, the city solicitor contended the jury could not take into consideration any improvements which were afterward made upon the land, or which it was then supposed might afterward be made upon it. It was ruled that nothing done after that date could be taken into consideration; but that the question for the jury was, what was the market value at the time of the taking. Witnesses called by the plaintiff were allowed to testify to that

value, and to be examined and cross-examined as to the reasons for their opinion of its value at that time; and some of them said that its value at that time was increased by reason of the knowledge of the public that the act had been passed by the Legislature, and the general understanding that the city was about to take this and other adjacent lands under the statute, and, after raising them at its own expense, let each proprietor have his estate back. The act of the Legislature was admitted in evidence without objection. The plaintiff Cobb offered in evidence the city document of 1868, No. 41, printed and published by authority of the city, and containing the report of a committee of the city council, and the subsequent proceedings of the city council upon the same subject, which were published from time to time as they were made; and in connection therewith offered to show that the city did afterwards carry out the scheme therein stated, except in two or three cases. The scheme proposed by the committee was, " To take all the territory, below " a certain grade, " within the district described in " St. 1867, c. 308; " to raise the streets and places to the grade of eighteen feet above mean low water; to fill the cellars, back-yards, and vacant lots to the grade of twelve feet above mean low water; to raise and underpin such of the buildings as the commissioners " should " deem expedient; to re-lay water pipes, sewers, and edgestones "; and " to give bonds to the former owners to return the estates, (or such portions as " were " not required for streets or other purposes,) after the above mentioned improvements have been made; provided, said former owners " would " make all necessary repairs upon the estates returned to them after the raising and underpinning, and make no claim upon the city for damages." The plaintiff's counsel contended that the publication of these acts of the city led the public to believe that the scheme recommended by the committee would be carried out, and that the whole evidence thus offered was evidence affecting the market value of the property at the time of the taking, and also showed that the reasons given by the witnesses were well grounded. But this evidence was objected to and excluded. The jury assessed the value of Cobb's land at the time of the taking at $10,500; and to the exclusion of this evidence he alleged exceptions.

Upon the trial by another jury (as is provided by the statute) of the issue what was the value of the land of Mary Ann Smith, wife of Asa H. Smith, (which had a brick dwelling thereon,) at the time of the taking, the city offered to prove the sum paid by the city within three months thereafter, by agreement with another owner of a vacant lot of land on the same street, with a single estate intervening, the situation of which appeared on the plan filed with the bill, and did not in the opinion of the judge substantially differ from that of Mrs. Smith. But the evidence was excluded, as relating rather to a settlement of damages occasioned by the taking, than to a sale and purchase of real estate. The jury assessed the value of Mrs. Smith's land at the time of the taking at $5866.67; and to the exclusion of this evidence the city alleged exceptions.

The questions of law presented by the above exceptions were reserved for the consideration and determination of the full court, to make such order or decree as justice and equity might require.

*A. A. Ranney*, for Cobb and Smith.

*J. P. Healy*, for the defendant.

WELLS, J. The question to be determined in each issue was the market value of the land at the time it was taken by the city.

The petitioner Cobb was not entitled to the advantages, whether real or speculative, which might result from improvements to be made by the city, after taking the land. Neither the fact that such improvements were afterwards made, nor that they were contemplated before the land was actually taken, was competent, as independent evidence, to show what the market value was. So far as the market value was in fact affected by the knowledge of what was to be done, or of what was contemplated, the petitioner Cobb was allowed the full benefit of it. His witnesses took it into consideration in making their estimate of value, to which they testified; and were also allowed to state it as a reason for such estimate. This was all he was entitled to.

Upon the claim of Smith, the defendant offered to prove, as evidence of market value, the sum paid by the city, by agreement with the owner, for another lot similarly situated. A price so fixed by compromise, when there can be no other purchaser,

and the seller has no option to refuse to sell, and can only elect between the acceptance of the price offered and the delay, uncertainty, and trouble of legal proceedings for an assessment, is not a reasonable or fair test of market value. It is in no sense a sale in the market. The evidence was properly rejected.

The result is that on each issue the verdict is to be

*Accepted.*