*J. Lowell & H. G. Nichols*, for the plaintiff.

*E. R. Hoar & W. E. Jewell*, for the defendant.

---

## JOSEPH A. PERLEY *vs.* WILLIAM H. PERLEY.

Essex.    January 25. — February 25, 1887.

In an action upon a promissory note, payable to the plaintiff, and signed by the defendant, the plaintiff offered the note in evidence, and rested. The defendant, who was the plaintiff's brother, offered evidence tending to show that he received the amount for which the note was given as a gift from his father, of whose estate the plaintiff was administrator; and that the note was given as a memorandum to show payment, and was to be enforced only in the event that the plaintiff was called upon to account for the amount if needed for the payment of debts. The plaintiff's evidence tended to show that he lent the amount to the defendant out of money which had been given to the plaintiff by his father, with which he was to pay certain debts, retaining the balance to his own use. *Held*, that the burden of proof was upon the plaintiff throughout to show a consideration for the note.

CONTRACT, upon a promissory note for $1000, dated April 24, 1883, payable, on demand, to the plaintiff, and signed by the defendant. The answer contained a general denial, and continued as follows :

" And further answering the defendant says, that, at the time he received the $1000, in consideration of which the note mentioned in the plaintiff's declaration was given, the plaintiff had in his possession the sum of $5000, in trust to divide, and which it was his duty to divide, into three parts, giving to the defendant one third of the same, and this the plaintiff promised to do if the plaintiff should not be required to account to the court for said $5000 as administrator of the estate of his father, Joseph G. Perley, deceased ; and at the time said note was given the plaintiff promised and agreed that if he should not be called upon to account for said $5000 to the court, as aforesaid, and as soon as he should be free from liability to be held to answer for the same to said court, he would surrender and give up to the defendant said promissory note, and would pay to the defendant the balance of his share of said $5000 ; and the defendant says, that before the commencement of the plaintiff's action the plaintiff was released from all liability to account for said $5000 as administrator of the estate of the said Joseph G. Perley, and was in duty bound, not only to surrender said promissory note, but to pay over to the defendant the balance of the defendant's third of said $5000. Wherefore the defendant says that the plaintiff has no right to recover anything of the defendant in said action."

Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff offered the note in evidence, and rested his case. The defendant then introduced evidence of declarations and admissions alleged to have been made by the plaintiff tending to show that one Joseph G. Perley, (the father of the plaintiff and of the defendant,) who died on April 19, 1883, leaving a large amount of personal property and real estate, and whose only heirs at law were the parties to this action and a sister, a few weeks prior to his death gave the plaintiff the sum of $5050, with instructions to pay certain claims against him, and to make a present of $100 to one Parsons, and then to divide the remainder between the plaintiff, the defendant, and their sister.

The defendant further testified that he received the $1000 for which the note in suit was given a short time after the father's death; that the money was given him by the plaintiff as an advanced payment from his portion of said $5050; and that the note was given as a memorandum to show payment, only to be enforced in case the plaintiff was called upon to account for said amount in the Probate Court.

Subsequently to the giving of the note in suit, the plaintiff was appointed administrator of the estate of his father, and settled the estate, making no mention in the Probate Court of the $5050, and making no charge of any debts or charges against the estate.

The plaintiff denied making any declarations or admissions as contended by the defendant, but contended, and introduced evidence tending to show, that his father gave him a portion of the $5050 for services rendered him; that the balance was given him by his father, with directions to make certain presents and pay certain debts owed by his father, to pay all funeral expenses and charges, to provide for the care of his burial lot, and the balance as a gift to himself, which he was to keep as his own; that subsequently he lent to the defendant $1000 out of the whole amount, and took the note in suit; and that he had paid out money as directed by his father, and had paid all bills against the estate, and the charges of administration, out of the same.

The plaintiff further contended, that, after deducting these sums from the whole amount, even if the defendant was entitled to any portion of said sum, it would be much less than the amount claimed on the note; but that neither the defendant nor his sister had any interest in the balance left after paying out these amounts.

Upon this evidence, the plaintiff contended that the burden of proof was on the defendant to show that the money was in the plaintiff's hands in trust for the defendant. The judge ruled that the real issue was as to the consideration of the note; that the question was whether the defendant obtained the plaintiff's money, or his own; that the plaintiff's case required him to prove the proposition on which he relied; that the defendant's answer was only an explanatory denial; and that the burden of

proof did not shift from the plaintiff. The judge found for the defendant; and the plaintiff alleged exceptions.

*H. F. Hurlburt & W. H. Lucie*, for the plaintiff.

*W. H. Niles & G. J. Carr*, for the defendant.

DEVENS, J. While the burden of proof in an action upon a promissory note, as between the original parties, is upon the promisee to establish the fact that it was given for a valuable consideration, the production of the note and proof of the defendant's signature establish a *prima facie* case which entitles the plaintiff to a verdict. But the burden of proving a consideration still remains upon the plaintiff, notwithstanding this presumption, and, if there is any evidence in the case on this point on behalf of the defendant, the plaintiff must show, by a preponderance of the whole evidence, that the note was given for a valuable consideration. *Burnham* v. *Allen*, 1 Gray, 496. *Morris* v. *Bowman*, 12 Gray, 467. *Simpson* v. *Davis*, 119 Mass. 269.

Where a party having the burden of proof has given competent *prima facie* evidence of consideration, and the adverse party seeks to meet it, not by producing proof that would negative this proposition, but by establishing another and distinct proposition, the burden of proving the latter proposition is upon him. *Powers* v. *Russell*, 13 Pick. 69, 76. Thus, if the defendant should seek to meet the *prima facie* case made by the production of the note by evidence of payment, the burden would be upon him to show it. So, if the defendant should seek to avoid his promise by proof that it was to be defeated by the occurrence of a certain contingency, it would be for him to establish this, and also the fact that such contingency had occurred. *Gray* v. *Gardner*, 17 Mass. 188. *Thayer* v. *Connor*, 5 Allen, 25. But evidence on behalf of the defendant may distinctly meet and tend to disprove the evidence of consideration of the plaintiff, even if it also tends to establish an entirely different state of facts from that on which the plaintiff seeks to base his proof of consideration. In such case, the effect of proof of consideration by the plaintiff is not avoided, but is met and encountered; and, even if the evidence of the defendant tends to establish a different proposition from that asserted by the plaintiff, it is still for the plaintiff to sustain the burden which rests upon him of proving the consideration, and not for the defendant to show

that it does not exist, by satisfying the jury that his own proposition is correct. The evidence in the case supposed applies to the affirmative or negative of the same issue.

The defendant in the case at bar offered evidence directly tending to show that the money delivered to him by the plaintiff was delivered to him as a gift from his father. He accounted or sought to account for the fact that a note was given for it, by evidence that it was uncertain whether this sum or a portion of it would not be needed by the plaintiff, who was his brother and his father's administrator, for the payment of the father's debts, in which case the defendant was to refund. This met directly the *prima facie* case of the plaintiff on the matter of consideration, and showed, if believed, that there was none, unless certainly the contingency that it would be wanted for the payment of debts had occurred, of which there was no evidence. The defendant had not sought to prove independent facts which avoided the contract, or relieved him from its obligation; he had met the plaintiff's *prima facie* evidence of consideration, and it was for the plaintiff still to satisfy the judge that a valuable consideration existed.

The plaintiff's own testimony was, that he had lent this money to the defendant as his own, using for that purpose money which had been given him by his father with which he was to pay certain debts, &c., retaining the balance to his own use.

The plaintiff's contention suggests also, that the defendant sought to rely upon a failure of consideration, and thus that the burden of proof was upon him. It may be conceded that, where there has been a good consideration, which consideration has wholly or partially failed, the burden of proving such failure is upon the party setting it up. *Jennison* v. *Stafford*, 1 Cush. 168. *Delano* v. *Bartlett*, 6 Cush. 364. *Simpson* v. *Davis, ubi supra.* The case at bar presents no circumstances for the application of this principle. If the defendant had received the $1000 as a loan, there was no pretence that he had ever paid it; if he had received it as his own, given to him by his father through the hands of the plaintiff, subject to the condition that he should repay it, or such part of it as might be necessary for the payment of the father's debts, &c., the note being a memorandum only, there was no evidence or suggestion that it was needed for this

purpose.   The case was rightly put as presenting the inquiry whether the defendant had received this money as a loan, or as his own, and as requiring the plaintiff to establish the proposition upon which he relied, namely, that it was a loan.

The case of *Delano* v. *Bartlett, ubi supra,* which has often been cited with approval, strongly resembles that at bar.   The defendant, who had pleaded want of consideration, there offered evidence that the sum received by him was his own money, and paid to him by the plaintiff, supposing the defendant to be entitled to it; but, as it depended on the settlement of certain partnership affairs whether he was so entitled, the note was given upon the understanding that, if it appeared that he was not entitled to it, the plaintiff might then call for the money due thereon, and that in fact the whole sum belonged to him.   The plaintiff requested the court to instruct the jury, that the defendant must show the want of consideration.   But the defendant having produced evidence tending to overcome the plaintiff's *prima facie* case, and the proof on both sides being applicable to the same issue of consideration, it was held that the jury were properly instructed that the burden of proof was throughout on the plaintiff to satisfy the jury, upon the whole evidence, of the consideration of the note.

For these reasons a majority of the court are of opinion that the entry must be,                                    *Exceptions overruled.*