### MICHAEL O'MALLEY *vs.* COMMONWEALTH.

Worcester.   September 30, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Witness*, Examination.   *Practice, Civil*, Exceptions.   *Evidence*, Of value of real estate.

A party examining his expert, who has testified as to the value of certain real estate and its depreciation, before he can ask the witness whether he has taken into consideration in his appraisal the sales and the number of sales in that vicinity may be required by the presiding judge to indicate what sales he refers to, if any.

When a party suggests reasons to his expert he may be required to confine his suggestions to competent evidence.

In order to sustain an exception to the exclusion of a question to a witness it must

appear what the excepting party expected to prove by the answer and that he was harmed by the exclusion.

On the issue of the value of certain land evidence of a sale of other land to the metropolitan water board will not be excluded merely on account of the purchaser, as the court cannot say for that reason alone that the sale was not a fair transaction rather than a compulsory settlement, that board having power to purchase as well as to condemn land under St. 1895, c. 488, § 4.

On the issue of the value of certain real estate, consisting of land with a dwelling house and barns upon it, evidence of a sale of vacant land in the neighborhood is admissible, although if the land to be appraised is vacant evidence of a sale of other land with buildings on it may not be admissible.

PETITION, filed June 3, 1901, under St. 1895, c. 488, § 13, for damages from a change of grade and alteration of Boylston Street in the town of Clinton.

In the Superior Court before *Gaskill*, J. the jury assessed damages in the sum of $1,250.49; and the petitioner alleged exceptions, raising the questions stated by the court.

*J. W. Corcoran, W. B. Sullivan & T. L. Walsh,* for the petitioner.

*R. A. Stewart,* Assistant Attorney General, for the respondent.

HOLMES, C. J.   This is a petition for the assessment of damages caused by a change of grade and other alterations in Boylston Street in Clinton, opposite to the petitioner's land. St. 1895, c. 488, § 13. The case comes here on two exceptions taken by the petitioner on questions of evidence relating to damages.

1. An expert called by the petitioner having testified as to the value of the petitioner's property and the depreciation of it, was asked by the petitioner whether he had taken into consideration in his appraisal the sales and the number of sales in that vicinity. The judge called attention to the fact that there was no evidence of any sales, and said that unless they were referred to he should exclude the question. The petitioner excepted. The exception must be overruled. No doubt experts, under the guise of giving the reasons for their opinion, are allowed to get facts before the jury which the jury have no right to consider. But there are limits even to this. *Hunt* v. *Boston*, 152 Mass. 168. And when reasons are put into their mouths, it fairly may be required that the facts concerning which they are asked should be material. The judge did not exceed his power in requiring the counsel to indicate what sales he referred to, if any. Furthermore it does not appear what the petitioner expected to prove, or that he was

harmed by the ruling. *Farnum* v. *Pitcher*, 151 Mass. 470, 475. *Honsucle* v. *Ruffin*, 172 Mass. 420.

2. An exception was taken to the admission of a sale to the metropolitan water board. If the judge had been of opinion that, as was found in *Cobb* v. *Boston*, 112 Mass. 181, 183, the evidence related rather to a settlement of damages occasioned by a taking than a sale, and had excluded the evidence on that ground, very likely we could not have said that he was wrong. *Sawyer* v. *Boston*, 144 Mass. 470, 471. But the exceptions show none of the circumstances, — nothing beyond the bare fact of a sale. We cannot say merely because of the name of the purchaser that the sale was not a fair transaction in the market rather than a compulsory settlement. The board has power to purchase as well as to condemn land. St. 1895, c. 488, § 4. *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1, 9. *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316, 326. It is objected that the land sold to the water board was vacant, whereas the petitioner's had a dwelling and barns upon it. However it might have been if the land sold had had buildings on it and the petitioner's land had been vacant, *Old Colony Railroad* v. *F. P. Robinson Co.* 176 Mass. 387, 389, there is no trouble in this case. A sale of vacant land is evidence of the value of neighboring land. It does not follow that a sale of a house would be evidence of the value of the building next to it. See *Pierce* v. *Boston*, 164 Mass. 92, 98.

*Exceptions overruled.*