HARRY B. BURLEY *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    November 13, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Evidence,* Of value, Presumptions and burden of proof.  *Damages,* For property taken or impaired under statutory authority.

Upon a petition for the assessment of damages for the taking of a strip of land and the adjoining flats by a railroad corporation under a decree for the abolition of certain grade crossings, it is right for the presiding judge to exclude evidence, offered by the petitioner, of the terms of a previous sale made by him of a part of the original tract of which the land taken also formed a part, if the sale was to a corporation of which the petitioner was a director and the treasurer, and the petitioner offers no evidence of the particulars of the sale except the price paid.

At the trial of a petition for the assessment of damages for land taken, before the petitioner may be allowed to show the price at which other land adjacent to or near the land taken was sold, he must show that such sale was a fair and open one.

At the trial of a petition for the assessment of damages for land taken, the presiding judge properly may exclude evidence offered by the petitioner as to the price paid by him for a parcel of land in the vicinity of the land taken, if on the evidence the judge could find that the parcel of land purchased by the petitioner was not so similarly situated as properly to guide and assist the jury in estimating the value of the land taken.

At the trial of a petition for the assessment of damages for land taken, the question whether other land which was sold for a certain price was so similarly situated as to make the price admissible in evidence must be left largely to the discretion of the presiding judge.  It also is within the discretion of the presiding judge, after he has admitted evidence to show the entire price for which a certain tract of land in the vicinity of the land taken was sold, to refuse to allow the petitioner to show the price paid per square foot.

·Upon the trial of a petition for the assessment of damages for land taken it is proper for the presiding judge to exclude evidence offered by the petitioner to show the expense of grading certain land still owned by him and not taken by the respondent, this having no bearing whatever on the value of the land taken.

PETITION, filed in the Superior Court on April 12, 1910, for the assessment of damages for the taking by the respondent, under a decree for the abolition of certain grade crossings, of a strip of marsh land and the adjoining flats near the Savin Hill railroad station of the respondent in the part of Boston called Dorchester.

The case was tried before *Brown,* J.  No exceptions were taken

to the judge's charge and the jury returned a verdict for the petitioner in the sum of $900. The petitioner alleged exceptions to the exclusion of certain evidence offered by him as stated in the opinion.

G. L. Mayberry, G. K. Bartlett & B. B. Piper, for the petitioner, submitted a brief.

J. L. Hall, for the respondent.

CROSBY, J. The exceptions in this case relate to the exclusion of evidence offered by the petitioner. These exceptions cannot be sustained unless it appears that some error has been committed as matter of law by which the petitioner is aggrieved.

This is a petition for the assessment of damages for land taken from the petitioner in accordance with a decree for the abolition of a grade crossing. The land taken consisted of a strip thirteen hundred and sixty feet long and sixty feet wide, and contained about thirty-three thousand square feet of marsh land and about forty-eight thousand, six hundred square feet of flats. The tract from which this parcel was taken contained approximately eleven acres. It appeared that from the original tract owned by the petitioner he had sold a part of it to the Boston Insulated Wire and Cable Company. The petitioner offered evidence to show the price received from such sale. The respondent's counsel objected to this evidence, principally for the reason that the petitioner was a director and treasurer of the company that bought the land. The petitioner did not deny that he was a director and the treasurer of the company, and did not offer any evidence as to the particulars of the sale, except the price paid. The presiding judge ruled that it must be an "open sale," and excluded the evidence subject to the exception of the petitioner.

When the value of land is in issue, evidence of actual sales of other lands and prices for which they were sold is competent if such lands so taken are so similar in their situation, relative position and other circumstances relating to value, as to make the price paid evidence competent for the consideration of the jury in estimating the market value of the land in question. Boston & Worcester Railroad v. Old Colony & Fall River Railroad, 3 Allen, 142. Conness v. Commonwealth, 184 Mass. 541. Such sales, however, must be fair and open in the market to be competent. For this reason a sale made under compulsion, or where

the seller is interested also in the purchase, would be plainly inad-- missible. If the petitioner's relations with the Wire Company were such that he was able to get a price for the land in excess of its market value, or was willing to sell it to a corporation in which he was an officer for less than the market value, such sale would, not be a reasonable or fair test of market value.

The burden was upon the petitioner to show that it was a fair and open sale, and that the price paid was not affected by his relations with the company. As he offered no evidence upon this question, we are of opinion that evidence relating to the price for which the land was sold was excluded properly. *O'Malley* v. *Commonwealth,* 182 Mass. 196. *Cobb* v. *Boston,* 112 Mass. 181, · 183.

The petitioner excepted to the exclusion of evidence as to the price paid by him for a parcel of land in the vicinity of the land taken by the respondent; but the land so purchased fronted on a public street called Dorchester Avenue. We are of opinion that the judge could have found that the parcels were not so similarly situated as properly to guide and assist the jury in estimating the value of the petitioner's land. Questions which arise as to the competency of evidence of this character must be left largely to the discretion of the presiding judge. It cannot be said that it was wrongly exercised in excluding the evidence offered; and the exception must be overruled. *Paine* v. *Boston,* 4 Allen, 168, 170.

The evidence offered by the petitioner to show the expense of grading certain land still owned by him and not taken by the respondent but adjoining it, was clearly incompetent. Its admission could have no bearing upon the market value of the land taken. The petitioner's third exception cannot be sustained.

The petitioner offered to show what certain land had been sold for in the vicinity of the land taken and on the opposite side of the railroad track. The court allowed the petitioner to show what the whole tract was sold for, but excluded, subject to the petitioner's exception, evidence as to the price per square foot for which the land was sold. This evidence was offered also in rebuttal, and was excluded, subject to the petitioner's exception. We think that it was within the discretion of the presiding judge to exclude this ·

evidence. The petitioner had the benefit of the evidence as to the price paid for the entire tract, and we cannot say that he was prejudiced by the refusal of the court to allow him to show the price paid per square foot. This exception cannot be sustained.

The petitioner also excepted to the refusal of the judge to allow him to show the price for which a parcel of land on Bay Street, near the land taken, was sold.. This land consisted of a corner lot and was partly upland, while all the land taken by the railroad was marsh land or flats. We are of opinion that the exclusion of this evidence was also within the discretion of the judge. He may have believed that the land was not so similar to that taken as to assist the jury in arriving at the market value of the land taken by the respondent. For the reasons already stated, we cannot say that this evidence was excluded wrongly.

No exceptions were taken to the charge to the jury and so far as appears the case was submitted upon full and accurate instructions.

*Exceptions overruled.*