SUBURBAN LAND COMPANY, INCORPORATED, *vs.* INHABITANTS OF ARLINGTON.

Middlesex.    December 2, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Evidence,* Of value of land, Chalks and plans. *Damages,* For property taken or impaired under statutory authority. *Practice, Civil,* Conduct of trial, Exceptions.

At a trial for the assessment of damages for the taking by a town for park and water purposes of a large tract of land belonging to a land company, which was engaged in the land developing business, consisting of the purchase of large tracts of land that it cut up into house lots and sold on the instalment plan under agreements in writing providing for the giving of a deed upon the final payment and for a forfeiture of previous payments upon a failure to pay any instalment, it is proper for the presiding judge to exclude evidence of the aggregate contract price of one hundred and fifteen lots, adjacent and similar to those included in the taking, on which instalments have been paid under such agreements for

sale, and also to exclude evidence of the amount of money thus paid; as such agreements are not sales in the open market and do not test the value of the land by the natural law of supply and demand.

It also is proper for the presiding judge at the same trial to exclude evidence of what a person, who held, under one of the agreements for purchase, certain adjacent land not included in the taking, did upon that land after the time of the taking, this being immaterial, and it also is proper for the judge to exclude evidence of settlements made or to be made by the land company whose land was taken with persons holding agreements for the purchase on the instalment plan of lots included in the taking, this having no relevancy to the fair market value of the land taken and not constituting a separate element of damage.

It is not improper for the presiding judge at the same trial in the exercise of his discretion to admit in evidence the price paid, for the land taken, by a partnership which was incorporated to form the land company owning the land, and also to admit in evidence the price paid for the land two months earlier, to be taken into account with other facts "in arriving at the true value at the time of taking," where the jury has taken a view of the land and there is ample evidence of what has been done on the land since the date of that purchase. It also is not improper for the judge in the exercise of his discretion to admit evidence of the sale of a six acre tract of land in the immediate vicinity.

At a trial for the assessment of damages for the taking by a town for park and water purposes of a large tract of land belonging to a land company, where, to meet evidence of the petitioner that there was no more undeveloped land in that town, the respondent has called as a witness its town engineer, the presiding judge in his discretion may permit this witness to explain his testimony by the use of a plan and for this purpose may admit the plan in evidence.

The admission of evidence purely immaterial and in no way prejudicial to the excepting party will not support an exception.

DE COURCY, J.   The petitioner's land was duly taken by the respondent for park and water purposes; and the only issue before the jury was the fair market value of the tract taken. All of the exceptions involve questions of evidence.

The land in question was part of a large tract which had been purchased in September, 1912, by two partners under the name of the Suburban Land Company, and was transferred by them to the petitioner on its incorporation in March, 1913. This corporation is engaged in what is known as the land developing business. It purchases large tracts of land, and plots them out into house lots. These it sells on the instalment plan, giving to the prospective owner a written agreement which provides that the company will give him a deed if he makes the monthly payments; and further that, on his failure to pay any of the instalments as stipulated, the contract shall be considered null and void and all payments theretofore made shall be forfeited to the company.

The principal question raised by the exceptions relates to the

admissibility in evidence of the aggregate contract price for one hundred and fifteen lots, adjacent and similar to those included in the taking, on which partial payments had been made under such agreements for sale. We are of the opinion that this evidence was excluded properly. The petitioner was entitled to receive as compensation the fair market value of the land taken by the town in view of all the uses to which it might be put. The price paid at recent sales of similar lands in the vicinity was admissible, and was admitted in this case. Such a non-compulsory sale between a willing seller and buyer is ordinarily regarded as a good test or criterion to aid the jury in determining the value of the land in controversy. The opinion of the buying public so expressed in a free market is what usually determines value. But there must be an actual sale. Without it, the price fixed in a mere agreement to sell adjoining land is not admissible. *Chapin* v. *Boston & Providence Railroad*, 6 Cush. 422. Nor would an unaccepted offer for the land in question be admissible as evidence of its actual value. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 232. The agreements under which the petitioner disposed of its land did not constitute sales, such as are admissible in evidence to show market value. And, as a test of value, we are not inclined to say that the price which is established artificially and temporarily by booming methods should be regarded as equivalent to the market value which is regulated by the natural laws of supply and demand.

The other exceptions may be disposed of briefly. It was immaterial what work Crossland, who was in possession of certain land under one of the agreements for purchase, did subsequently to the taking upon land which was not included in the taking. The settlements made or to be made by the petitioner with such persons as held its agreements for the sale of lots included in the taking had no relevancy to the fair market value of the land taken, and did not constitute a separate element of damage under this petition. *Edmands* v. *Boston*, 108 Mass. 535, 544.

The price paid for the land by the Suburban Land Company partnership was stated by the witness Brand in cross-examination without objection. The price paid for it two months earlier, in July, 1912, was admitted expressly as "one of all the facts which you [the jury] are to take into account in arriving at the true value

at the time of taking." The jury took a view; and there was ample evidence of what had been done on the land since the date of that sale. We cannot say that the discretion of the presiding judge in admitting this evidence was exercised erroneously. *Pierce* v. *Boston,* 164 Mass. 92. The same is true as to the evidence of the sale of the six acre tract in the immediate vicinity. *Bowditch* v. *Boston,* 164 Mass. 107.

The facts stated in the offer of proof, so far as material, were allowed to be shown, with the exception of the aggregate price agreed upon and the amount of money paid in by the holders of the instalment purchase agreements; and, as already said, these were excluded properly.

The testimony of the town engineer was competent to meet the petitioner's evidence that there was no more undeveloped land in Arlington. The plan by which he explained his testimony was admissible in the court's discretion. *Everson* v. *Casualty Co. of America,* 208 Mass. 214.

The names of the owners of the undeveloped lots were immaterial, but the admission of this evidence did not constitute harmful error. *Burns* v. *Jones,* 211 Mass. 475. St. 1913, c. 716, § 1.

*Exceptions overruled.*

*M. Witte, (W. H. Wood* with him,) for the petitioner.
*P. A. Hendrick, (E. D. Hassan* with him,) for the respondent.