JOSEPHINE E. McCABE & others *vs.* CITY OF CHELSEA.

Suffolk.    December 13, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Damages,* For land taken or damaged under statutory authority.  *Evidence,* Opinion: expert; Of value of land; Competency; Declaration of deceased person.  *Practice, Civil,* Exceptions: whether error harmful.

At the trial of a petition for assessment of damages due to a taking by eminent domain of land back from a main thoroughfare in a city, a qualified expert, called by the petitioner, testified that "as you went toward" a certain square in the city and beyond, land became more valuable.   In redirect examination he was allowed, subject to exception by the respondent, to give his opinion as to the value of a particular lot of land called "restaurant land," which was on the main thoroughfare at or near the business center of the city and about two hundred fifty feet distant from the land taken, and gave a value almost $2.50 per square foot in excess of the damages assessed by the jury for the land taken.  *Held,* that

(1) The opinion of the expert as to the value of the restaurant land was incompetent;

(2) The inquiry in cross-examination did not justify the introduction of the opinion evidence in redirect examination;

(3) Admission of the evidence was harmful error, and the respondent's exception must be sustained.

Subject to an exception by the respondent at the trial above described, a witness was permitted to state a price at which the "restaurant land" had been sold.   While it appeared that at the time of sale the purchaser of that land had executed a twenty-five year lease to the owners of the restaurant and there was no lease on the land taken, the record did not state the price the witness named nor the size of that lot as compared with the lot to which the petition related nor their street frontages and availability in general for valuable uses.  *Held,* that the record did not show an improper use of discretion by the trial judge in the admission of the evidence as to such sale price.

No error was shown in the exclusion, at the trial of a civil action, of a statement, otherwise competent and material to the issues, by one who was dead at the time of the trial, where the record did not show that the judge made the preliminary findings required by G. L. c. 233, § 65, or that there was any offer as to the evidence expected to be shown.

It *was stated* that, at the trial above described, evidence of the price paid two or three years previous to the taking in question for a lot adjacent to that taken would have been competent.

PETITION, filed in the Superior Court on April 12, 1927, for the assessment by a jury of damages due to a taking of a lot of land in Chelsea, sixty-seven and forty-one one hundredths feet by seventy and one one hundredth feet, in fee simple by right of eminent domain for purposes of a memorial for soldiers, sailors and marines.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. Broadway is a main thoroughfare in Chelsea. The expert witness who testified to the value of the Splendid Restaurant property gave as his opinion that it was worth $6.50 per foot. The jury assessed damages in the sum of $18,781.87. The respondent alleged exceptions.

*C. Richmond,* for the respondent.

*R. W. Frost,* (*D. J. Triggs* with him,) for the petitioners.

RUGG, C.J. This is a petition for the assessment of damages caused by the taking of land of the petitioners by the city of Chelsea for memorial purposes. The exceptions relate solely to the admission and exclusion of evidence.

A witness called by the petitioners, who qualified as an expert in real estate values, having testified on cross-examination that "as you went toward Bellingham Square and beyond, land became more valuable," was allowed in redirect examination to give his opinion as to the value of a particular lot known as the Splendid Restaurant land. Scarcely anything is better settled in the trial of cases of this nature than that evidence of mere opinion as to the value of land must be confined exclusively to the subject as to which damages are claimed. *Wyman* v. *Lexington & West Cambridge Rail Road,* 13 Met. 316, 327. *Thompson* v. *Boston,* 148 Mass. 387. *Haven* v. *County Commissioners,* 155 Mass. 467, 471. *Beale* v. *Boston,* 166 Mass. 53, 56. *Old Colony Railroad* v. *F. P. Robinson Co.* 176 Mass. 387, 390. The inquiry on cross-examination did not justify the introduction of this evidence. It ought to have been excluded.

It is the duty of the excepting party to show either expressly or by fair inference that he was harmed by the admission of incompetent evidence. *Cecconi* v. *Rodden,* 147 Mass. 164, 169. *Posell* v. *Herscovitz,* 237 Mass. 513. *Commonwealth* v. *McIntosh,* 259 Mass. 388, 391. We think that it cannot be said that the admission of this evidence was harmless error. It was manifestly incompetent. Seemingly the opinion of the witness was that the Splendid Restaurant land was worth considerably in excess of the damages assessed by the jury for the land taken. If the jury gave any weight to the evidence, it operated against the interest of the respondent. It cannot be assumed that they disregarded it. This exception must be sustained.

The sale price of the Splendid Restaurant land was admitted in evidence. That land was situated on Broadway at or near the business center of Chelsea, distant about two hundred fifty feet from the land taken, which was on Shurtleff Street and about one hundred to one hundred fifty feet back from Broadway. At the time of sale the purchaser of that land had executed a twenty-five year lease to the owners of the Splendid Restaurant which, according to some testimony, might make the land more valuable. There was no lease on the land taken. It long has been settled that in cases of this nature evidence is admissible of sales of land in the vicinity, similar in essentials to the land in question, and reasonably near to the taking in point of time. It is largely, though not exclusively, within the discretion of the trial judge to determine the admissibility of such evidence. *Fourth National Bank of Boston* v. *Commonwealth,* 212 Mass. 66, 68, and cases collected. *James Millar Co.* v. *Commonwealth,* 251 Mass. 457, 463. *Bartlett* v. *Medford,* 252 Mass. 311. The comparative sizes of the two lots, their street frontages and availability in general for valuable uses are not shown by the record. It does not appear what was the testimony as to the sale price. In these circumstances we cannot say that there was error in the admission of this evidence.

The respondent asked a witness for the statement made to him before the petition was brought, by the owner, since

deceased, of a lot of land adjacent to that taken, as to the price paid on a sale occurring two or three years before the taking in question. It would not be a violent inference from what appears in the record that the ground for exclusion of this question was that it was thought to be opinion evidence. Plainly it would not be opinion evidence but testimony of a fact. Such testimony commonly would be competent. But the trial judge did not make the preliminary findings required by G. L. c. 233, § 65. The respondent did not offer proof of facts to show that the statement was made in good faith, upon the personal knowledge of the declarant. *Crowley* v. *O'Donnell*, 238 Mass. 475. No offer of proof was made as to the evidence expected to be shown. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10. In these circumstances it cannot be said that there was error in the exclusion of these questions.

*Exceptions sustained.*