GLADYS B. WRIGHT *vs.* COMMONWEALTH.

Middlesex.    November 7, 1933. — May 25, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Damages,* For property taken or damaged under statutory authority.
  *Evidence,* Of value, Competency, Presumptions and burden of proof.

Where, at the trial of a petition for the assessment of damages due to a
  taking of land by the Commonwealth by eminent domain, it appeared
  that the land taken was a part only of a large tract owned by the peti-
  tioner, and that a State highway, a by-pass around the main village of
  the town of Weston, was constructed thereon about one hundred
  ninety-five feet from the residence of the petitioner on the highest part
  of the land, noise, glaring lights and other inconveniences connected
  with heavy traffic on the new highway, so far as likely to affect the com-
  fort of ordinary people, might be found to be elements of damage to the
  remaining estate of the plaintiff if the proximity of such disagreeable
  factors was due to the taking, but not otherwise.
At the trial above described, the plaintiff was allowed to testify that he
  "was unable to sleep on" the side of the house toward the new highway
  after it "had been put into operation." No contention was made that
  the charge to the jury was not accurate and did not properly restrict
  the evidence and fully state the correct rule for the assessment of
  damages in this respect. *Held,* that
    (1) While the form of the evidence as admitted was awkward and
  unfortunate, the witness might have been found to be a normal and
  ordinary person as to sleep and, if so, testimony by him of such nature
  would have been competent upon a proper question;
    (2) No reversible error was shown.
At the trial of the petition above described, it appeared that the entire
  tract of the petitioner before the taking was three and one quarter acres,
  and that the land taken comprised thirty-three thousand nine hundred
  square feet and was all low land. The respondent offered and the trial
  judge excluded testimony as to the sale price, a few months later than
  the taking, of seven and a half acres of land without buildings but
  otherwise very similar to the estate of the plaintiff and located about
  two hundred feet from the land taken. It appeared that such sale was
  made to the town of Weston for its school department and that the
  town had the power to acquire land for such purpose by eminent do-
  main. There was no evidence as to whether the sale in fact was made
  under the influence of the known power of the town to take the prop-
  erty by eminent domain if a voluntary transfer of the title was not
  made. *Held,* that
    (1) While it is the general rule that, on the issue of the fair value
  of land taken under eminent domain, evidence of the price paid in the

sale, reasonably near in point of time to the taking, of land similar in character and situated in the vicinity is admissible, whether such evidence shall be received or rejected rests largely, although not exclusively, in the discretion of the trial judge;

(2) The burden was upon the respondent in offering the evidence to show that the price was not affected by the known power of the town to take the property by eminent domain if a willing transfer of title was not made;

(3) In the circumstances, it could not be held that there was reversible error in the exclusion of the evidence.

PETITION, filed in the Superior Court on August 6, 1931, for the assessment of damages for the taking of land of the petitioner in Weston.

The petition was tried before *Beaudreau,* J. Material evidence and rulings by the judge are described in the opinion. There was a verdict for the petitioner in the sum of $6,293. The respondent alleged exceptions.

*Joseph Wentworth,* Special Assistant Attorney General, for the Commonwealth.

*H. M. Leen,* for the petitioner.

RUGG, C.J. This is a petition for the assessment of damages for the value of land taken and injury to remaining land caused by the exercise of eminent domain for the construction of a State highway. Prior to the time of the taking the petitioner owned three and twenty-five one-hundredths acres of land in the town of Weston. A part of this land was low and swampy, through which a brook ran. The remaining land was high and at the highest point there were a house and garage, the house being used by the plaintiff and her husband as their residence. The taking comprised thirty-three thousand nine hundred square feet of land. It was all low land and at its nearest point was about one hundred thirty-five feet from the house. It constituted a strip about one hundred twenty feet wide on the northerly side of the petitioner's estate. A highway was straightway constructed on the northerly half of this strip as part of a by-pass leading from one part of the Post Road, so called, south of the main village of the town of Weston to the Post Road at some distance further on.

The plaintiff was allowed to testify subject to exception

that "she was unable to sleep on the northerly side of the house after the by-pass had been put into operation." Noise, glaring lights and other inconveniences connected with heavy traffic on a new highway, so far as likely to affect the comfort of ordinary people, might be found to be elements of damage to the remaining estate of the plaintiff, so far as the proximity of disagreeable factors was due to the taking, but not otherwise. *Walker* v. *Old Colony & Newport Railway*, 103 Mass. 10, 14–15. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Lincoln* v. *Commonwealth*, 164 Mass. 368, 376–377. This element of damage could rightly be measured by the effect of these unpleasant features upon ordinary people and not upon the plaintiff personally. *Sturtevant* v. *Ford*, 280 Mass. 303, 317, 318, 319. The form of the evidence as admitted was awkward and unfortunate. But the witness may have been found to be a normal and ordinary person as to sleep and, if so, her testimony would have been competent upon a proper question. No contention has been made that the charge was not accurate and did not properly restrict the evidence and fully state the correct rule for the assessment of damages in this respect. In our opinion it cannot quite be said that there was reversible error in this particular.

There was excluded testimony as to the sale price, a few months later than the taking, of seven and a half acres of land without buildings but otherwise very similar to the estate of the plaintiff and located about two hundred feet from the land taken. It is the general rule that evidence of the price paid in the sale of land similar in character situated in the vicinity, and reasonably near in point of time, is admissible as bearing upon the fair value of land taken under eminent domain. Whether such evidence shall be received or rejected rests largely although not exclusively in the discretion of the trial judge. *Fourth National Bank of Boston* v. *Commonwealth*, 212 Mass. 66, 68. *Woonsocket Machine & Press Co.* v. *New York, New Haven & Hartford Railroad*, 239 Mass. 211, 215. *James Millar Co.* v. *Commonwealth*, 251 Mass. 457, 464. *McCabe* v. *Chelsea*, 265 Mass. 494, 496. Such sales, however, must be free and not under

the compulsion of a superior power. *Cobb* v. *Boston,* 112 Mass. 181. *Sawyer* v. *Boston,* 144 Mass. 470, 471. *O'Malley* v. *Commonwealth,* 182 Mass. 196, 198. *Henry J. Perkins Co.* v. *Springfield,* 248 Mass. 447, 450. The sale in question was made to the town of Weston for its school department; the town had the power to acquire land for such purpose by eminent domain. G. L. (Ter. Ed.) c. 40, § 14. *Byfield* v. *Newton,* 247 Mass. 46, 53. There is no evidence whether this sale in fact was under the influence of the known power of the town to seize the property if a voluntary transfer of the title was not made. The burden was upon the defendant in offering the evidence to show that the price was not affected by this factor. *Burley* v. *Old Colony Railroad,* 219 Mass. 483, 485. The tract sold also was somewhat large, with no buildings on it, while the land of the plaintiff was taken from an estate improved by buildings and used for a residence. In view of these circumstances, it cannot be held that there was reversible error in the exclusion of this evidence.

*Exceptions overruled.*