MORRIS EPSTEIN & others *vs.* BOSTON HOUSING AUTHORITY.

Suffolk.   February 7, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Evidence,* Of value, Presumptions and burden of proof.  *Value.   Error,* Whether error harmful.  *Practice, Civil,* Preliminary question;  Exceptions: whether error harmful.  *Words,* "Value."

In a proceeding involving the value of a parcel of real estate, where evidence of the price paid in a sale of a comparable parcel is offered, it is for the trial judge to determine, before admitting the evidence, whether such sale was freely made or whether it was made under such compulsion that the price is not a useful criterion of value; and his decision of that question, unless wrong as a matter of law, cannot be disturbed.

There is a presumption that the price of land sold was fixed freely and not under compulsion.

Although a party, offering, as evidence of the value of land in issue, evidence of the price paid in a sale of comparable land, has the burden of proving that the sale was made freely, the presumption to that effect requires the trial judge so to find unless the opposing party goes forward with evidence warranting a finding to the contrary.

Even if the trial judge, on the issue of the value of land, admitted evidence of the price paid in a sale of comparable land in consequence of an erroneous view of law that the evidence was admissible whether or not the sale was freely made, there was no reversible error where the admission of the evidence was required because there was no evidence to rebut the presumption that the sale was freely made.

PETITION, filed in the Superior Court on December 27, 1939.

The case was tried before *Greenhalge,* J.

In this court the case was argued at the bar in February, 1944, before *Field,* C.J., *Donahue, Lummus, Dolan,* & *Ronan,* JJ., and after the retirement of *Donahue,* J., was submitted on briefs to *Qua, Wilkins,* & *Spalding,* JJ.

*S. Litter,* for the petitioners.

*J. J. Mahoney,* for the respondent.

LUMMUS, J.  This is a petition for the assessment of damages resulting from the taking by the respondent by eminent domain of three houses and the contiguous lots of land on which they were situated, owned by the petitioners in Boston.  See St. 1938, c. 484, inserting in G. L. c. 121 new sections 26L, 26R, 26S and 26T; *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288; *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416.

The assessed value of the property taken, for the three years preceding the taking, was $7,000.  G. L. (Ter. Ed.) c. 79, § 35.  Expert witnesses called by the several parties appraised the property as high as $11,500 and as low as $5,900.  On June 25, 1942, the jury returned a verdict for the petitioners in the sum of $6,720, which included interest at four per cent per annum from May 20, 1939, the date of the taking.  Consequently, the jury must have found the "value" (G. L. [Ter. Ed.] c. 79, § 12), which means market value (*Greenspan* v. *County of Norfolk*, 264 Mass. 9, 12; *Maher* v. *Commonwealth*, 291 Mass. 343, 348), to be less than $6,000.  The exceptions of the petitioners present a single question of evidence.

An expert witness called by the respondent, having testified to a market value of $5,900, gave as a reason for his opinion his knowledge of the price obtained for five houses similar to those of the petitioners located on one parcel of land "around the corner in the next block in 1937."  The only material objection originally made to the admission of a question calling for the price was that the seller was a coöperative bank which had foreclosed a mortgage upon the property, "and it is almost common knowledge that property the banks have held is not sold for fair market value; they are only interested in getting out the amount of their mortgage."  As to this, we are aware of no such "common knowledge."  That assertion of objecting counsel remained unproved.

Counsel for the petitioners then examined the witness before the judge admitted the price in evidence.  The witness testified that he thought the commissioner of banks had ordered "certain banks to liquidate their real estate

holdings," but he thought "the banks are naughty boys and have not lived up to it." He testified that he did not know whether the coöperative bank in question, the Volunteer Co-operative Bank, had been so ordered by the commissioner of banks, but if it had been ordered "to sell it quick" that fact would affect his opinion of the price as an indication of value.[1] He testified that, from his knowledge of the coöperative bank in question, he did not think its policy was to sell out for whatever it could get, but he did not know.

Counsel for the petitioners then objected again to the admission of the question calling for the price, saying that "it is an essential element of the admissibility of a sale in the locality that it be a sale without duress or compulsion on the open market." No evidence on that subject was introduced or offered except as herein stated. The judge, over the exception of the petitioners, permitted the witness to testify that the price received by the coöperative bank for the five houses and the land was $8,000. That might by inference indicate a value for the property of the petitioners of $4,800, but the jury evidently did not draw that inference. Yet the price admitted in evidence tended to lower the appraisal contended for by the petitioners.

Value or market value "means the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market." *Commissioner of Corporations & Taxation* v. *Worcester County Trust Co.* 305 Mass. 460, 462. "A non-compulsory sale between a willing seller and buyer is ordinarily regarded as a good test or criterion to aid the jury in determining the value of the land in controversy. The opinion of the buying public so expressed in a free market is what usually determines value." *Suburban Land Co. Inc.* v. *Arlington,* 219

---

[1] The statute provides that "all real estate" held by a coöperative bank "shall be sold within five years after the acquisition of title thereto," but that the commissioner of banks may grant additional time. St. 1933, c. 144, amending G. L. (Ter. Ed.) c. 170, § 30, and renumbering it as § 37. The statutory time seems long enough to effect a sale at the market price without any burdensome compulsion. We find no statute giving the commissioner of banks any power to order liquidation more speedily. See G. L. (Ter. Ed.) c. 167, § 6.

Mass. 539, 541. "It long has been settled that in cases of this nature evidence is admissible of sales of land in the vicinity, similar in essentials to the land in question, and reasonably near to the taking in point of time." *McCabe* v. *Chelsea*, 265 Mass. 494, 496. *Lyman* v. *Boston*, 164 Mass. 99, 104, 105. *Iris* v. *Hingham*, 303 Mass. 401, 408, 409. The price received upon a sale to a municipality or corporation possessing the power of eminent domain is not necessarily excluded, for the element of compulsion may be very small or nonexistent, and the price may furnish a useful index of value. *O'Malley* v. *Commonwealth*, 182 Mass. 196, 198, and cases cited. But a "price so fixed by compromise, when there can be no other purchaser, and the seller has no option to refuse to sell, and can only elect between the acceptance of the price offered and the delay, uncertainty, and trouble of legal proceedings for an assessment, is not a reasonable or fair test of market value," and "is in no sense a sale in the market." *Cobb* v. *Boston*, 112 Mass. 181, 183, 184. *Sawyer* v. *Boston*, 144 Mass. 470, 471. *Wright* v. *Commonwealth*, 286 Mass. 371, 374. See also *Howe* v. *Howard*, 158 Mass. 278. The question is whether either party to the sale was under such compulsion that the price is not a useful criterion of value. That question, like other questions of fact preliminary to the admission of evidence, is for the presiding judge. His decision of it, unless so wrong as to constitute error of law, cannot be disturbed on exceptions. *Iris* v. *Hingham*, 303 Mass. 401, 409. *Bartley* v. *Phillips*, ante, 35.

Doubtless the burden of proof that the price was fixed by fair bargaining or bidding, and not by some form of compulsion preventing the normal operation of the self interest of buyer and seller, is on the party offering the price as evidence of value. *Burley* v. *Old Colony Railroad*, 219 Mass. 483, 485. *Wright* v. *Commonwealth*, 286 Mass. 371, 374. It does not follow, however, that the party offering the evidence must begin by proving that there was no form of compulsion, either suggested or conceivable, such as duress, fraud, or imperative need for immediate cash at any cost, that would preclude a free market. Free bargaining or

bidding is normal and customary in business transactions, and compulsion is both abnormal and unusual.

The propriety of an inference, or even a technical presumption, that the condition of a person or thing, or the conduct of a person, is normal and customary, has often been recognized. *Payne* v. *R. H. White Co.* 314 Mass. 63 (condition of human skin). *Moroni* v. *Brawders, ante,* 48 (conduct of labor union and its officers). *Ryan* v. *DiPaolo,* 313 Mass. 492, 494 (individual performance of statutory duty). *Baxter* v. *Abbott,* 7 Gray, 71, 83. *Commonwealth* v. *Clark,* 292 Mass. 409, 411, 415 (sanity of person; also, voluntary character of confession). *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508 (due delivery of mail). *Anderson* v. *Billerica,* 309 Mass. 516, 518. *Commonwealth* v. *Torrealba,* 316 Mass. 24, 30 (performance of routine duty). *Smith* v. *Porter,* 10 Gray, 66. *Pierce* v. *Tiernan,* 280 Mass. 180, 182. *Lexington* v. *Ryder,* 296 Mass. 566, 568. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353 (execution of instrument on its date). *Simpson* v. *Davis,* 119 Mass. 269. *Barletta* v. *New York, New Haven & Hartford Railroad,* 297 Mass. 275, 277. *Mindell* v. *Goldman,* 309 Mass. 472 (document unaltered since signature). Much depends upon the degree to which the condition or conduct is likely and to be expected. There is nothing to the contrary in *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 250.

Evidence of the price received from sales of comparable property is so necessary in order to bring extravagant appraisals by real estate experts into comparison with realities, that the introduction of such evidence ought not to be made so difficult as to be impracticable. We think that there is a presumption, in the technical and proper meaning of that word, that the price of land sold was fixed freely and not under compulsion. [1]

---

[1] See *Wyman* v. *Lexington & West Cambridge Rail Road,* 13 Met. 316; *O'Malley* v. *Commonwealth,* 182 Mass. 196. See also *Presbrey* v. *Old Colony & Newport Railway,* 103 Mass. 1, 10, purporting to explain the *Wyman* case. Compare *Burley* v. *Old Colony Railroad,* 219 Mass. 483, 485; *Bartlett* v. *Medford,* 252 Mass. 311, 312, 313; *Wright* v. *Commonwealth,* 286 Mass. 371, 374. So far as any of these cases may tend by implication to deny the existence of a presumption of freedom from compulsion, we do not follow them.

There is nothing inconsistent in casting the burden of proof upon a party, and then helping him sustain his burden by creating a presumption in his favor that throws upon his adversary the burden of going forward with evidence. The distinction between the burden of proof and the burden of going forward with evidence has long been recognized by this court. *Powers* v. *Russell,* 13 Pick. 69, 76. *Smith* v. *Porter,* 10 Gray, 66, 68. *Baldwin* v. *Parker,* 99 Mass. 79, 84. *Perley* v. *Perley,* 144 Mass. 104, 107. *Wylie* v. *Marinofsky,* 201 Mass. 583, 584. *Smith* v. *Hill,* 232 Mass. 188, affirmed, sub nomine *Hill* v. *Smith,* 260 U. S. 592. Wigmore, Evidence (3d ed. 1940) §§ 2485–2489. Indeed, a presumption, using the word in its technical and proper sense, can have no operative effect unless it assists the party having the burden of proof. *Lisbon* v. *Lyman,* 49 N. H. 553, 563. *Water Commissioners of New London* v. *Robbins,* 82 Conn. 623, 640. *Chicago Stock Yards Co.* v. *Commissioner of Internal Revenue,* 129 Fed. (2d) 937, 948. *People* v. *Miller,* 288 N. Y. 31, 141 Am. L. R. 1036.

In the present case there was no evidence warranting a finding that the sale was made under such compulsion as to make the price inadmissible as evidence of value. Consequently the presumption was not "rebutted," that is, caused to lose its compelling legal force,[1] but retained its

---

[1] *Clifford* v. *Taylor,* 204 Mass. 358, 361. *Del Vecchio* v. *Bowers,* 296 U. S. 280, 286. *New York Life Ins. Co.* v. *Gamer,* 303 U. S. 161, 170. *Commercial Molasses Corp.* v. *New York Tank Barge Corp.* 314 U. S. 104. *Jefferson Standard Life Ins. Co.* v. *Clemmer,* 79 Fed. (2d) 724, 103 Am. L. R. 171. *Connecticut Mutual Life Ins. Co.* v. *Lanahan,* 112 Fed. (2d) 375, 376. *Chicago Stock Yards Co.* v. *Commissioner of Internal Revenue,* 129 Fed. (2d) 937, 948. *Seiler* v. *Whiting,* 52 Ariz. 542. *St. Louis-San Francisco Railway* v. *Mangum,* 199 Ark. 767. *Wojcik* v. *Metropolitan Life Ins. Co.* 124 Conn. 532, 537. *New York Life Ins. Co.* v. *Satcher,* 152 Fla. 411. *Kilgore* v. *Gannon,* 185 Ind. 682. *Kaiser* v. *Happel,* 219 Ind. 28. *People* v. *Kayne,* 286 Mich. 571, 579. *Dimmer* v. *Mutual Life Ins. Co.* 287 Mich. 168, 174. *Estate of Miller,* 300 Mich. 703, 711. *Kellogg* v. *Murphy,* 349 Mo. 1165, 1180. *Gaffney* v. *Coffey,* 81 N. H. 300, 306, 307. *People* v. *Miller,* 288 N. Y. 31, 141 Am. L. R. 1036. *McKiver* v. *Theo. Hamm Brewing Co.* 67 S. D. 613, 618. *Southland Life Ins. Co.* v. *Greenwade,* 138 Texas, 450, 456. *Tyrrell* v. *Prudential Ins. Co.* 109 Vt. 6, 23, 24. *Anning* v. *Rothschild & Co.* 130 Wash. 232, 235. *State* v. *Gehrz,* 230 Wis. 412, 422. Wigmore, Evidence (3d ed. 1940) § 2491, also § 2498a, pages 349, 350. Am. Law Inst. Model Code of Evidence (1942) Rule 704. See also *Payne* v. *R. H. White Co.* 314 Mass. 63, 65; *Moroni* v. *Brawders, ante,* 48; *Perley* v. *Perley,* 144 Mass. 104, 107; *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566; *Friedman* v. *Berthiaume,* 303 Mass. 159, 162.

force as a rule of law requiring the judge to treat the sale as free and noncompulsory.

It is true that in discussion with counsel the judge said that "a sale is a sale," and thus intimated an erroneous opinion that a sale price is admissible regardless of compulsion. But that statement was not made as a ruling of law, and was not treated as such by counsel for the petitioners, who did not except to it. Even if the judge in admitting the evidence did so in consequence of an erroneous view of the law, the petitioners were not harmed. By force of the presumption the judge was required to treat the sale as noncompulsory. A wrong reason for correct action does not constitute legal error because of which a verdict can be upset. *Bianco* v. *Lay*, 313 Mass. 444, 450. What the judge did over the exception of the petitioners was to admit the price in evidence. In that there was no error.

*Exceptions overruled.*