ZABELLE GARABEDIAN *vs.* CITY OF WORCESTER.

Worcester.    September 23, 1958. — November 7, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Practice, Civil,* Charge to jury.    *Value.    Eminent Domain,* Damages.
*Damages,* Eminent domain.

At the trial of a petition for assessment of damages for a taking of real
estate by eminent domain at which the assessed value of the property
was in evidence and the judge before suspending his charge in the
afternoon explained adequately and clearly that the measure of
damages was the fair market value of the property and on resuming
his charge the following morning read from G. L. c. 79, § 35, pertain-
ing to introduction in evidence of assessed values and correctly stated
the duty of assessors in making fair cash valuations, there was no
abuse of discretion in the judge's failure to restate at the morning
session the test of fair market value as the measure of damages.

PETITION, filed in the Superior Court on August 9, 1954.

The case was tried before *Meagher,* J.

The case was submitted on briefs.

*Jacob Y. Young,* for the petitioner.

*Harry J. Meleski,* City Solicitor, & *Henry P. Grady,*
Assistant City Solicitor, for the respondent.

WILLIAMS, J.    These are the petitioner's exceptions to
the judge's charge at the trial of her petition for the assess-
ment of damages from the taking by the city of Worcester
of her land with the buildings thereon comprising an area
of 11,860 square feet, located at the corner of Grove and
Lexington streets.    The assessment records of the city were
in evidence (G. L. c. 79, § 35) showing that the assessed
value of the property for each of the three years immedi-
ately prior to the taking in 1953 was $17,500.    The jury
returned a verdict of $22,800.

The entire charge of the judge is reported.    He explained
to the jury adequately and clearly that the measure of

damages for the taking was the fair market value of the property. See G. L. c. 79, § 12; *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 299; *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 193. He suspended his charge at 4 P.M. and continued with it on the following morning. At that time he read to the jury from G. L. c. 79, § 35, pertaining to the introduction in evidence of assessors' records. He told the jury, " 'The assessors of each city or town shall at the time appointed therefor make a fair cash valuation of all the estate, real and personal, subject to taxation therein, and in cities the assessors may in any year divide the city into convenient assessment districts.' The Supreme Judicial Court of Massachusetts, in determining that or interpreting that particular section said this: 'The fair cash value of land for the purposes of taxation is ascertained by a consideration of all those elements which make it attractive for valuable use to one under no compulsion to purchase, but yet willing to buy for a fair price, attributing to each element of value the amount which it adds to the price likely to be offered by such a buyer.' "

The counsel for the petitioner excepted as follows: "The plaintiff takes an exception to that part of the charge wherein His Honor told the jury the duties of assessors in the matter of assessment of property, and the basis upon which they were required in law to assess. The plaintiff requests of the court in the interests of clarity that the jury be told at this point that the test in this case is the fair market value as of the time of taking, with fuller explanation as to the meaning of fair market value, and His Honor refusing to give such, the plaintiff excepts. The plaintiff further directs His Honor's attention to the fact that this was a so called split charge, part of which having been given yesterday afternoon, and the plaintiff directs His Honor's attention to the fact that that part of the charge this morning relating to cash value militates against, subtracts from, the full measure of test of market value, and therefore the plaintiff asks that

the court either now or restate the full test of fair market value, as being the only test of damages applicable to this case, and to His Honor's refusal, the plaintiff takes an exception."

We find nothing in the charge to indicate that the jury were instructed to find other than the fair market value of the property. The duty of the assessors in valuing the property was correctly stated. See G. L. c. 59, § 38. In the determination of the value of property like in character to that of the petitioner's, fair cash value means fair market value. *Boston Gas Co.* v. *Assessors of Boston,* 334 Mass. 549, 566. See *Massachusetts Gen. Hosp.* v. *Belmont,* 233 Mass. 190, 207–208. The lapsed time between the first and second parts of the charge was not of sufficient duration to require, on the resumption of the charge, a restatement of what previously had been said. The need of repetition was a matter within the discretion of the judge. *Wenton* v. *Commonwealth,* 335 Mass. 78, 82.

                                          *Exceptions overruled.*