EDWARD H. APPELSTEIN, trustee *vs.* ALICE QUINN.   March 3, 1972. This summary process action was tried in the District Court where there was a judgment for the plaintiff for possession.  On appeal, the case was tried without a jury before a Superior Court judge, and again a judgment for the plaintiff for possession was entered.  The case is before us on a bill of exceptions.  The defendant while occupying an apartment in a building owned by the plaintiff was notified that due to increased taxes and other operating costs her rent was to be increased beginning on April 1, 1970.  Sometime late in March, 1970, the defendant reported (to the local health department) possible health code violations existing in her apartment.  On March 31, 1970, an inspection was made by the authorities, and certain violations were found to exist.  On April 1, 1970, the defendant commenced withholding her rent under G. L. c. 239, § 8A.  Her rent was withheld for the months of April, May, June and July.  On July 8, 1970, a reinspection of the premises revealed that the violations had been corrected, whereupon the defendant sent the plaintiff the amount withheld for the four months.  On July 27, 1970, the plaintiff notified the defendant to quit and vacate the premises and, on that same day, stated that unless the increase, effective April 1, 1970, was paid, eviction proceedings would be continued.  The defendant refused to pay the amount of the increase for the months in which she withheld rent but offered to begin paying the increased amount on September 1, 1970, whereupon the plaintiff instituted this summary process action.  The judge's decision was correct.  The defendant relies on G. L. c. 239, § 2A, which establishes a defence to a summary process action where such action is brought in reprisal for the act of a tenant in reporting a violation of, among other things, any health code.  The statute states that where the action is commenced, as it was in this case, within six months after the making of such report a rebuttable presumption arises that the action was brought in reprisal against the tenant for making the report.  Since the presumption is stated to be rebuttable, however, it has effect only until evidence to the contrary appears.  *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 302.  In this case, the judge specifically and warrantably found that the action was commenced "because of . . . [the defendant's] failure to agree to a small increase in the monthly rent and . . . [was] not instituted in reprisal."  Quinn argues, however, that in the circumstances of this case where the increased rent was to become effective on the day when she commenced withholding rent, the landlord was not entitled to the additional amount for the four months of withholding.  We disagree.  General Laws c. 239, § 8A, which permits the withholding of rent in certain circumstances, contains no provision prohibiting an increase such as occurred in this case.  In fact, the section does not permanently deprive a landlord of the rent

but only permits the tenant to withhold it until the stated violations are corrected.

*Exceptions overruled.*

*Ronald L. Cheney,* for Alice Quinn, submitted a brief.