## WILLIAM F. SHERMAN *vs.* GILBERT G. WILDER.

A lease may be avoided by parol evidence that it was made with the intention that the demised premises should be used for an unlawful purpose, and of their actual use for that purpose, although it contains an express covenant of the lessee to make no unlawful use of them.

A lease originally void for illegality of the purpose for which it was made does not become valid by an assignment of it by the lessee.

On the issue whether a lease, made June 1, 1869, of a tenement in Boston, for the term of fifteen months from that date, was void by reason of the lessor's intention that the tenement should be used for the illegal sale of intoxicating liquors, evidence that after that date, and up to and including February 1870, the tenement was used, with the lessor's knowledge, as a saloon where intoxicating liquors were sold and drunk, is admissible without proof whether the occupant, at the time of such use of it, was licensed to sell intoxicating liquors in any lawful manner.

On the issue whether a tenement was intentionally leased for an illegal use, the conduct and declarations of the lessor, both before and after, as well as at the time of giving the lease, are admissible in evidence, if reasonably significant of such an intention.

CONTRACT to recover the rent due for the months of January and February 1870, under the lease of a tenement in Boston, made by the plaintiff to the defendant June 1, 1869 for the term of fifteen months, for a rent payable monthly. Writ dated March 2, 1870. The lease was annexed to the declaration, and contained a covenant on the part of the lessee " to make no unlawful, improper or offensive use of the premises." The answer alleged that the plaintiff knowingly leased the premises to be used for the illegal keeping and illegal sale of intoxicating liquors, and that they were so used, with the plaintiff's permission, during the time for which the rent was alleged to be due.

At the trial in the superior court, before *Lord*, J., it appeared that immediately after the making of the lease Granville Wilder became occupant of the tenement, by some arrangement with the defendant, and used it for " the business of carrying on an eating and drinking saloon and the sale of intoxicating liquors," until October 15, 1869, when he sold the business and his shop fixtures to Homer Kenney, to whom the defendant then assigned the lease ; that Kenney took possession of the tenement, and carried on the same business therein until after this action was brought ; and that the plaintiff during all the time never made any attempt to avoid the lease or take possession of the premises. No evidence was offered by either party as to whether the defendant, or Granville Wilder, or Kenney, was licensed to sell intoxicating liquors.

The defendant called Granville Wilder as a witness, and offered to prove by his testimony statements of the plaintiff to him before the making of the lease, that the tenement had been used for a drinking saloon and for the sale of liquors, that it was a good place, and that there would be a good trade when a neighboring theatre should be opened. He also offered evidence tending to show that the plaintiff knew that the tenement was used for the sale of intoxicating liquors by Granville Wilder, and also in January and February 1870 by Kenney. The purpose for which the defendant offered this evidence and Wilder's testimony was, to show that the plaintiff knew, when he leased the tenement, that the defendant intended to use it for the sale of intoxicating

liquors. To the admission of it for that purpose, the plaintiff objected; but the objection was overruled.

The plaintiff requested the judge to rule, that by assigning the lease the defendant was estopped to deny its validity; and that it was incumbent on the defendant to prove that the occupants of the tenement who sold intoxicating liquors therein during the term of the lease were not licensed to do so. But the judge refused so to rule, and instructed the jury " that if the plaintiff gave the lease, knowing and understanding that the defendant intended to use the premises for a drinking saloon and for the sale of intoxicating liquors, and to enable him to do this business, the plaintiff could not recover; that, as matter of law, the sales of intoxicating liquor over a bar at that time were illegal, and no evidence was necessary to show that the parties had no license or authority, because there was no power anywhere to grant authority to make sale of liquor to be drunk upon the premises; and that the sales of intoxicating liquor in violation of law by Kenney in January and February 1870, with the knowledge of the plaintiff, would not be a defence, but the evidence on that point was to be considered by the jury as bearing on the question for what purpose the premises were originally leased." The verdict was for the defendant, and the plaintiff alleged exceptions.

*J. B. Richardson*, for the plaintiff.

*I. J. Cutter*, for the defendant.

COLT, J. If the plaintiff gave the lease declared on, knowing that the defendant intended to use the premises described therein for the illegal sale of intoxicating liquor, and to enable the defendant to carry on the business there, and the premises were in fact so used, he cannot recover the rent due upon it, in this action. It was a contract void for illegality. The fact may be proved by parol, and cannot be objected to as contradicting the terms of the lease. The rule given to the jury was correct. Gen. Sts. c. 87, § 9.

The rulings asked for by the plaintiff could not have been properly given; because the lease, if originally void for illegality, could not be made valid by the defendant's subsequent assignment of it; and because, as matter of law, there was, at the

time, no power in this Commonwealth to license the sale complained of.

Nor are the objections to the competency of the evidence admitted at the trial well taken. The inquiry was as to the plaintiff's knowledge and illegal intent at the time of making the lease. In ascertaining what that was, his conduct and declarations both before and after, as well as at the time of the act, if reasonably significant of such knowledge and intent, are admissible. The evidence here admitted was relevant and material upon this point. 1 Greenl. Ev. § 53. *Exceptions overruled.*