SAMUEL ADAMSKY *vs.* JOSE MENDES.

Bristol. October 23, 1950. — December 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Zoning. Landlord and Tenant*, Termination of lease, Construction of lease, Rent, Termination of lessee's obligations, Illegal letting, Zoning. *Contract*, Validity.

A use of premises for a garage, existing at the time of adoption of a zoning ordinance placing such premises in a residential district, did not justify a subsequent use thereof for the storage of "machinery and equipment and bottles ordinarily associated with the bottling business," even though nothing was manufactured there and such storage was no more objectionable than the previous use for a garage.

A provision of a lease, that, if a use of the leased premises for a stated purpose should be determined to be in violation of a zoning ordinance, "then this lease shall terminate, the lessee to be free from any further obligations thereunder and the lessor . . . [to] be free from any liability thereunder," did not "release [the lessee] from all obligations" under the lease upon its termination through such a determination, but left him liable for obligations, including rent, accruing up to that time.

An action for rent by a lessor was not barred on the ground of illegality, not pleaded in the lessee's answer, merely because of the presence in the lease of a provision that, if the leased premises were put to a certain use and that use were determined to be in violation of a zoning ordinance, the lease should terminate and the lessee be relieved of further obligations thereunder.

CONTRACT. Writ in the Third District Court of Bristol dated November 26, 1948.

The action was heard by *Potter*, J.

In this court the case was submitted on briefs.

*K. Shapira*, for the plaintiff.

*F. Vera, J. C. Duggan, & E. Livingstone, Jr.*, for the defendant.

SPALDING, J. This action of contract was begun in a District Court to recover rent reserved in a written lease. The defendant in his answer admits entering into the lease but alleges that the occupation of the premises for the purposes set forth in the lease has been determined to be a violation of the zoning laws and that by reason thereof the lease came to an end and he was relieved from liability by the express terms of the lease. The judge found for the defendant and a report to the Appellate Division was dismissed. The plaintiff appealed.

The lease was for the term of one year commencing July 6, 1948, at a monthly rental of $65 payable in advance. The defendant entered the premises at the commencement of the term and has paid rent for one month but has paid nothing thereafter, although demands were made upon him by the plaintiff. The premises are in New Bedford and are situated in a district which is classified under the zoning ordinance as residence "B." Since at the time of the adoption of the city's zoning ordinance, which became effective on December 24, 1925, the premises were used as a garage, such use became a nonconforming one, and it continued down to the time the lease was made. The lease provided that "In the event occupation by the lessee for the purpose of storing therein machinery and equipment and bottles ordinarily associated with the bottling business shall be determined and ruled to be a violation of the zoning laws then this lease shall terminate, the lessee to be free from any further obligations thereunder and the lessor shall be free from any liability thereunder." The lease was prepared by the plaintiff's attorney and the quoted clause was inserted at his suggestion. The use made of the premises by the defendant

was the storage of "machinery and equipment and bottles ordinarily associated with the bottling business." The defendant, however, did not manufacture anything on the premises. After finding the foregoing facts the judge found that this use was in violation of the zoning ordinance, as it was an improper extension of the nonconforming use and was a use permitted only in industrial "A" districts.[1]

The plaintiff claims to be aggrieved because of the denial of his fourth request and the granting of certain of the defendant's requests.

The plaintiff's fourth request was in substance that if the judge should find that the premises were to be used for the sole purpose of storing "machinery and equipment and bottles ordinarily associated with the bottling business" and not for manufacturing, then there would be no violation of the zoning law. The judge rightly denied this request. The premises could, of course, legally be used as a garage even though they were situated within a residence district. For that purpose it was a nonconforming use. See G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1. But the use of the premises mentioned in the lease was different and one not permitted within a residence "B" district. This court has not looked with favor on attempts to change or extend existing uses. *Lexington* v. *Bean,* 272 Mass. 547, 553. *Wilbur* v. *Newton,* 302 Mass. 38. *Marblehead* v. *Rosenthal,* 316 Mass. 124. *Burlington* v. *Dunn,* 318 Mass. 216. *Inspector of Buildings of Burlington* v. *Murphy,* 320 Mass. 207. *Public Buildings Commissioner of Newton* v. *Star Market Co.* 324 Mass. 75. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 437. *Wayland* v. *Lee,* 325 Mass. 637, 644. That the use of the premises by the defendant is no more objectionable than the nonconforming use cannot avail the plaintiff. *Public Buildings Commissioner of Newton* v. *Star Market Co.* 324 Mass. 75, 79.

---

[1] Under the zoning ordinance, which was incorporated in the report by reference, one of the uses permitted in industrial "A" districts was "storage, and warehousing."

The plaintiff also complains that certain of the defendant's requests were improperly granted. The fifth request was to the effect that the language of the lease provides "for termination and release from all obligations thereunder 'in the event occupation by the lessee . . . is determined and ruled to be a violation of the zoning laws.'" In so far as the request sought a ruling that a determination of occupation in violation of the zoning laws had the effect of terminating the lease it was correct. Such a ruling was required by the express terms of the lease itself. See *Markey* v. *Smith,* 301 Mass. 64, 69. But the request went beyond this and asked for a ruling that all obligations under the lease were at an end. Such a request could not properly be granted. The lease provided that in the event the use was determined to be in violation of the zoning laws "the lessee [was] to be free from any *further obligations* thereunder and the lessor shall be free from *any liability* thereunder" (emphasis supplied). It is to be noted that the consequences attaching to the determination are not the same in the lessee's case as in the case of the lessor; the former is to be relieved only from *"further obligations* thereunder" while the latter is to be relieved from *"any liability* thereunder." We cannot say that this difference in language is of no consequence. It means, we think, that the lessee is to be liable for such obligations as have accrued up to the time of the determination. Thus the plaintiff would be entitled to recover any rent due up to that time unless he is precluded, as the defendant contends, on grounds of illegality or public policy. Accordingly unless so precluded the plaintiff in this action would be entitled to recover all rent accrued to the date of the writ since there had been no determination until after that date.

We are of opinion that on this record the plaintiff is not barred from such recovery. The defendant did not plead illegality. His answer set up merely that he was not liable because of the terms in the lease to which we have alluded. In these circumstances the courts will not ordinarily withhold their aid from a plaintiff unless his "declaration shows

that he relies upon an illegal contract or upon a violation of law, or unless the evidence upon which he must rely shows a contract which is inherently wrongful or . . . violative of some fundamental principle of public policy." *Gleason* v. *Mann*, 312 Mass. 420, 422, and cases cited. "Courts do not go out of their way to discover some illegal element in a contract or to impose hardship upon the parties beyond that which is necessary to uphold the policy of the law." *Nussenbaum* v. *Chambers & Chambers Inc.* 322 Mass. 419, 422. The plaintiff was not obliged to show an illegal contract as part of his case. He was seeking to recover for rent due under a lease. The lease did not require an illegal use of the premises. It provided merely that in the event they should be used for the purpose of storing machinery and bottling equipment and such use should be determined to be illegal the lease was to terminate and the lessee was to be free from "further obligations." Moreover, even if the premises were to be used for storage purposes, it is not inconceivable that the lessee might have obtained permission to do so under the zoning laws. See G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended; *Stockburger* v. *Dolan*, 14 Cal. (2d) 313. In other words, it was possible to carry out the terms of the lease in a lawful manner. "Where it is possible to execute . . . [a contract] in different ways, one of which is permissible and the other prohibited, it will be presumed as a general rule in the absence of evidence to the contrary that both parties intended that it should be executed according to law." *Gaston* v. *Gordon*, 208 Mass. 265, 267. Even if it be assumed that the plaintiff may have suspected or believed that the defendant would put the premises to an unlawful use, that fact without more would not preclude recovery. Restatement: Contracts, § 602 (1). Williston on Contracts (Rev. ed.) §§ 1754, 1755. *Graves* v. *Johnson*, 179 Mass. 53, 58. *Fuller* v. *Hunt*, 182 Mass. 299, 301. *Higgins* v. *Fitzgerald*, 266 Mass. 176, 179. Compare *Sherman* v. *Wilder*, 106 Mass. 537, 539.

The granting of the defendant's other requests reveals

no error.  In general they were directed to the proposition that the lease came to an end on the determination that the use violated the zoning laws.

Because there was error in the granting of the defendant's fifth request let the entry be

> *Order dismissing report reversed.*
> *Finding for the defendant vacated.*
> *Case to stand for trial in the District Court.*