*Stanley Drozdowski,* pro se.
*David M. Lipton* for the defendant.

DAVID M. ABBOT *vs.* WINGAERSHEEK TURBINE CO., INC. & others. December 31, 1974.   The defendants appeal from a decree ordering the corporate defendant to issue 25,000 shares of its stock to the plaintiff for $25,000 under a stock option agreement.   The defendants rely upon a separate agreement between the plaintiff and third persons, not parties to this suit, under which the plaintiff purported to borrow $25,000 in exchange for a pledge of the stock to be obtained under the option agreement.   The defendants contend that the pledge agreement was in fact a transfer of the plaintiff's stock option to the pledgees contrary to the terms of the option agreement (which imposed no restriction upon his alienation of the stock itself).   The defendants' contention is based upon broad powers conferred on the pledgees by the pledge agreement and on extrinsic evidence that the pledge agreement may have been a sham to enable the plaintiff to exercise the option as agent for the pledgees.   See *Guaranty Security Corp.* v. *Eastern S. S. Co.* 241 Mass. 120, 123 (1922); *United-Carr Inc.* v. *Cambridge Redevelopment Authy.* 362 Mass. 597, 601 (1972). This contention is without merit.   The evidence was insufficient to show that the parties to the pledge agreement were not acting in good faith (see *Shayeb* v. *Holland,* 321 Mass. 429, 432 [1947]; *Dragone* v. *Dell'Isola,* 332 Mass. 11, 13 [1954]) or that the agreement was not what it purported to be (see *Cormier* v. *Worcester Consol. St. Ry.* 234 Mass. 193, 197-198 [1919]).   Nor is the defendants' refusal to honor the option warranted by their allegation that the pledgees might exercise their power to sell the stock (which apparently was not registered with the Securities and Exchange Commission) in violation of 15 U. S. C. §§ 77a et seq. (1970).   Cf. *Securities & Exch. Commn.* v. *Guild Films Co.* 279 F. 2d 485 (2d Cir. 1960), cert. den. sub nom. *Santa Monica Bank* v. *Securities & Exch. Commn.* 364 U. S. 819 (1960).   Apart from the fact that this was not pleaded by the defendants (see *Adamsky* v. *Mendes,* 326 Mass. 603, 606-607 [1950]) and is raised for the first time on appeal (*Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 [1974]), and assuming the possibility of illegality in a sale of the shares, the defendants have failed to sustain their burden of showing that such a result would follow from the execution of either of the agreements.   See *Nussenbaum* v. *Chambers & Chambers Inc.* 322 Mass. 419, 423 (1948); *Adamsky* v. *Mendes, supra; Fairview Auditorium Corp.* v. *Fairview Auditorium Club, Inc.* 331 Mass. 594, 596 (1954).   Their contention

that money damages would afford the plaintiff an adequate remedy because "he has negotiated the transfer of title of [the stock] . . . to a third person for a stipulated sum" (Williston, Contracts, § 1418, p. 646 [3d ed. 1968]) also fails as the pledge agreement would not effect transfer of title (see *Cunningham* v. *Bright,* 228 Mass. 385, 387-388 [1917]) for a "stipulated sum." The usual rule is therefore applicable that specific performance lies to enforce an agreement to sell closely held stock which, as stipulated here, was not purchaseable in the market. *Legro* v. *Kelley,* 311 Mass. 674, 676 (1942). *Nigro* v. *Conti,* 319 Mass. 480, 484 (1946).

*Decree affirmed.*

*Edward J. Barshak (Jeffrey S. Stern* with him) for the defendants. *Walter H. McLaughlin, Jr.,* for the plaintiff.