THE WESTWOOD GROUP, INC. *vs*. BOARD OF ASSESSORS OF REVERE. April 4, 1984. *Taxation*, Real estate tax: assessment, value. *Evidence*, Value.

The board of assessors of the city of Revere appeals from decisions of the Appellate Tax Board (board) granting abatements of local real estate taxes assessed on property in Revere, known as Wonderland Park, for fiscal years 1978, 1979, 1980, and 1981.

1. One of the taxpayer's experts based his opinion of the value of the land on sales of what he regarded as comparable land. One such sale was the city's 1980 sale of adjacent land to a company which entered into a "tax agreement" with the city pursuant to G. L. c. 121A. He had studied documents in connection with the sale and regarded the sale as an arm's-length one. The city sought to strike evidence of this sale, arguing that such a sale involved a depressed area and that it was a compulsory sale, made to get the land back on the city's tax rolls. On appeal, the city objects to the board's reliance on that sale (among others) in arriving at the fair cash value of the land.

Evidence of the price at which comparable property has been sold is admissible unless there is compulsion on the seller or on the buyer or special circumstances that show that the sale was not made in a free market. See *United-Carr Inc.* v. *Cambridge Redevelopment Auth.*, 362 Mass. 597, 599 (1972). We have deferred to the discretionary judgment of trial judges in deciding that a sale was freely made and presents a comparable sale worthy of consideration by the trier of fact. *Id.* We have given a narrow definition to the "compulsion" that requires exclusion of evidence of a sale. *Id.* at 600. *Epstein* v. *Boston Hous. Auth.*, 317 Mass. 297, 300 (1944) ("duress, fraud, or imperative need for immediate cash at any cost" preclude a free market). A sale to a municipality may lack compulsion, even though the municipality has the power of eminent domain. *Id.* Of course, circumstances short of compulsion may indicate that little or no weight should be given to evidence of an asserted comparable sale.

The taxpayer's evidence was sufficient to warrant a conclusion that the sale of the adjacent land was not made under compulsion. The burden was on the city to show that evidence of the sale should be disregarded by coming forward with evidence demonstrating that the sale was not the product of free bargaining but rather resulted from some form of compulsion. See *Epstein* v. *Boston Hous. Auth., supra* at 300-302. The city, as the seller of the adjacent property, was in a particularly advantageous position to show whatever compulsion influenced it to sell. The city has not shown that the board improperly considered evidence of the sale of the adjacent land.

2. The buildings on the premises were valued by the parties' experts and by the board using the depreciated reconstruction cost method of valuation. See *Foxboro Assocs.* v. *Assessors of Foxborough*, 385 Mass. 679, 681 (1982). The city argues that improvements such as paving and fencing were omitted from the board's determination of value because those improvements were reflected neither in the depreciated reconstruction cost calculations nor in the board's separate determination of the value of the land.

It does not matter how the board reflected the effects of paving and fencing on the fair market value of the property as long as the board recognized the extent to which such improvements affected the value of the property. The value the board placed on the land, considered in relation

to testimony concerning comparable sales, shows that in arriving at its value of the land the board reflected its view of the consequences of improvements on the land.

3. The board did not abuse its discretion in denying the city's several motions for continuances or in denying the city the right to recall the taxpayer's experts for cross-examination.

4. The city's assertions that (a) the taxpayer did not meet its burden of proof and (b) the board decision was against the weight of the evidence and was not supported by substantial evidence are unnecessary repetitions of arguments considered elsewhere in this opinion and rejected.

*Decisions of the Appellate*
*Tax Board affirmed.*

*David J. Saliba* for the Board of Assessors of Revere.
*Robert K. Lamere* for the taxpayer.