CONSTANCE V. HOPE *vs.* RICHARD LANDAU & others.[1]

Middlesex.   November 8, 1985. — December 16, 1985.

Present: GRANT, CUTTER, & FINE, JJ.

*Privileged Communication. Privacy. Psychologist.*

In an action by the mother of a young girl against a psychology intern, a
  licensed psychologist, and the hospital where both worked seeking dam-
  ages for the intern's disclosure of certain confidential information ob-
  tained in the course of counseling the girl, and her mother and father,
  and contained in a letter written by the intern at the father's request and
  sent to a social worker at a District Court in the course of proceedings
  under G. L. c. 119, § 39E, summary judgment was properly entered
  for the defendants inasmuch as the intern's letter was a report of possible
  child neglect under G. L. c. 119, § 51A, which provides immunity from
  civil or criminal liability to anyone making such a report. [243]

CIVIL ACTION commenced in the Superior Court Department on April 11, 1983.

A motion for summary judgment was heard by *George W. Cashman, J.*, sitting under statutory authority.

*Robert J. Annese* for the plaintiff.
*Edward T. Hinchey* for the defendants.

FINE, J. The plaintiff brought suit against a psychology intern, a licensed psychologist and the hospital where both worked, alleging negligence and breach of contract in the dissemination by them of certain confidential information obtained in the course of providing treatment. The defendants prevailed on a motion for summary judgment. On appeal, the plaintiff claims that there are material disputed issues of fact which, if resolved in her favor, would entitle her to recover on her claims. We have reviewed all of the material before the judge when he considered the motion, and we conclude that the

[1] Isaac Greenberg and McLean Hospital, Inc.

plaintiff does not have meritorious claims, even asuming all of the facts on which she relies to be true.

We recite the facts, many of which are disputed, in a summary as favorable to the plaintiff as the affidavits and discovery material allow. In 1979, the plaintiff and her fifteen year old daughter sought psychological counseling at the defendant McLean Hospital. They were treated there by the defendant Richard Landau, a psychology intern who was being supervised by the defendant Isaac Greenberg, a licensed psychologist. Landau was represented to the plaintiff to be a licensed psychologist, which at the time he was not. In 1980, the child became the subject of a "CHINS [child in need of services] petition" (see G. L. c. 119, §§ 21, 39E) brought by her father in the District Court in Cambridge. In April, 1980, at the father's request, Landau sent a letter to a social worker at the District Court in Malden,[2] evaluating in detail the psychological condition of the plaintiff's daughter. The letter referred, among other things, to the child's self-destructive behavior resulting from her difficult home environment. The letter included some confidential information provided by the plaintiff to Landau in the course of treatment. She had never given her consent to Landau to disclose the information. The letter later surfaced in the hands of a judge at a hearing held at the District Court in Cambridge concerning the child's custody. The plaintiff first learned of the letter's existence at that hearing. She suffered harm as a result of the disclosures in the letter.

It has recently been decided that a physician owes a duty to his patient not to disclose (except properly in the course of testimony in court) confidential information obtained in the course of providing treatment, and an aggrieved party may recover damages for breach of that duty. *Alberts* v. *Devine*, 395 Mass. 59, 65-69 (1985). The policy behind this recently

---

[2] The plaintiff states in an affidavit that the letter was sent to the "Medford Welfare Office." There is no indication what the basis is for this assertion. We must regard it as speculation, therefore, in light of Landau's statement in his affidavit that he sent the letter to "Jill Turk, a social worker at the Malden District Court," and the plaintiff's statement that she first learned of the letter when it was used in the District Court case in Cambridge.

recognized right is to encourage a patient's candor so that he may receive the full benefit of professional treatment. There is no reason why it would not apply with equal force to psychologists. See G. L. c. 233, § 20B, as amended through St. 1977, c. 817. The rule itself, however, contains exceptions (in addition to that for proper court testimony). One, referred to in *Alberts, supra* at 68, permits disclosure when necessary to meet a serious danger to the patient or others. One aspect of that general exception to the requirement of confidentiality finds expression in G. L. c. 119, § 51A, which sets forth a social policy conflicting with the policy favoring protection of confidences. The social policy underlying the statute is to encourage health professionals and others to report their suspicions of child abuse so that children at risk may be protected. We do not consider whether other exceptions may not exist already or develop in the course of consideration of the duty recognized in *Alberts, supra.*

As of April 14, 1980, the date of Landau's letter, § 51A, as amended through St. 1979, c. 312, provided that any one of a number of categories of professionals, including family counselors, with "reasonable cause to believe that a child under the age of eighteen years is suffering serious physical or emotional injury resulting from abuse inflicted upon him . . . or from neglect . . ." *must* report such condition to the department of social services in writing.[3] According to the plaintiff's affidavit, the counseling sessions with her, her daughter, and Landau included "extensive discussions . . . with regard to personal family problems . . . ." Landau was seen by the plaintiff, her daughter, and at a later time by her estranged husband, in his role as a family counselor. Landau therefore was

---

[3] In July, 1980, § 51A was amended by St. 1980, c. 434, which added, inter alia, "hospital personnel engaged in the examination, care or treatment of persons" to the list of professionals who are required to report suspected cases of child abuse or neglect. Psychologists were added to the list by St. 1982, c. 102, in May, 1982. Landau would have been covered by either or both of these categories had his letter been written after the effective dates of the amendments.

*required* by the statute to make a report of any suspected child abuse or neglect which he discovered in the course of those counseling sessions.[4]

Landau's letter constituted such a written report. It concerned a child under eighteen, and the conditions described were "serious . . . emotional injur[ies]" resulting from "neglect" as those phrases are broadly construed in light of the clear purpose of the statute, to assume the protection of children. See Rep. A.G., Pub. Doc. No. 12, at 139 (May 27, 1975), and at 157 (June 15, 1975). We need not decide whether anyone acted improperly in sending the letter to the Cambridge court. That transmittal cannot in any way be attributed to the defendants.

Section 51A, as amended through St. 1979, c. 312, provides that "No person so required to report shall be liable in any civil or criminal action by reason of such report." It provided further that the patient-psychotherapist privilege (G. L. c. 233, § 20B) "may not be invoked in any civil action arising out of a report made pursuant to [section 51A]." The Legislature, thus, has stated clearly its intent to place greater importance on the protection of children than on the right to be protected against the disclosure of confidential information. The writer of a report is immune from liability regardless of the correctness of his belief as to the child's injuries or their cause. Even the absence of good faith in making a report is immaterial to liability so long as the report is one which is mandatory under the statute. Even if good faith were material in this case, for purposes of summary judgment we would presume its existence in the absence of any allegation or indication of bad faith or improper motive. See *Epstein* v. *Boston Housing Authy.,* 317 Mass. 297, 301 (1944); Liacos, Massachusetts Evidence 41, 51-60 (5th ed. 1981).

---

[4] Even if Landau had not been *required* to make such a report, the statute at all relevant times has provided that "any other person *may* make such a report if any such person has reasonable cause to believe that a child is suffering from or has died as a result of such abuse or neglect" (emphasis supplied). G. L. c. 119, § 51A. Persons making reports of suspected child abuse who are not *required* to do so are shielded from any civil or criminal liability so long as the report is made in good faith.

Greenberg, Landau's supervisor, also signed the letter, but there is no indication that he sent it to anyone. In any event, the immunity language of section 51A would protect him from liability for the same reasons as it protects Landau. Since the two employees of the defendant hospital are not liable for sending the letter, no liability attaches to it under a theory of respondeat superior.

*Judgment affirmed.*