CONSTANCE V. HOPE vs. RICHARD LANDAU & others.[1]

Middlesex.   October 6, 1986. — December 8, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Privileged Communication. Privacy. Psychologist. Practice, Civil,* Summary judgment.

In an action by the mother of a young girl against a psychology intern, a licensed psychologist, and the hospital where both were employed seeking damages for the disclosure of certain confidential information obtained in the course of providing psychological services to the plaintiff and daughter and purportedly sent to a social worker at a District Court in the course of proceedings under G. L. c. 119, §§ 39E-39J, the defendants, who claimed the immunity provided under G. L. c. 119, § 51A, for anyone making a report of possible child abuse or neglect, were not entitled to summary judgment where they did not show beyond dispute that the letter had been sent to the Department of Social Services, an indispensable condition to immunity under § 51A. [739-740]

CIVIL ACTION commenced in the Superior Court Department on April 11, 1983.

A motion for summary judgment was heard by *George W. Cashman,* J., sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert J. Annese* for the plaintiff.

*Edward T. Hinchey* for the defendants.

*Marjorie Heins & Jinanne S. J. Elder,* for Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

WILKINS, J. A judge allowed the defendants' motion for summary judgment, concluding that the defendants were immune from liability in the circumstances. The plaintiff asserted that the defendants unlawfully distributed a letter containing

---

[1] Isaac Greenberg and McLean Hospital, Inc.

confidential information obtained in the course of providing psychological services to the plaintiff and her daughter. The motion judge based his immunity decision on G. L. c. 119, § 51A, as amended by St. 1979, c. 312. The Appeals Court agreed with that conclusion. *Hope* v. *Landau,* 21 Mass. App. Ct. 240 (1985). We do not.

Section 51A requires certain persons with reasonable cause to believe that a child under eighteen is suffering serious physical or emotional injury resulting from abuse or neglect to report the condition to the Department of Social Services orally and in writing. The defendant Landau, then working on his doctorate in psychology, on April 14, 1980, sent a letter signed by him and the defendant Greenberg which the defendants assert they were required to send pursuant to the mandatory disclosure provisions of § 51A. If they were, § 51A further provides that no person required to report shall be liable because of the report.

For the purposes of this appeal we assume, without deciding, that the disclosure requirements of § 51A applied to the defendants in this case, that the letter was a report of child abuse, and that the defendants are immune from liability if they made a report to the Department of Social Services. Our concern is that the material properly to be considered on the defendants' motion for summary judgment does not demonstrate the absence of a dispute on the material factual question whether the letter was sent to the Department of Social Services. The defendant Landau stated in an affidavit that he sent the letter to "a social worker at the Malden District Court." The letter has at its top in what appears to be different type from the balance of the letter: "Cambridge District Court — TO WHOM IT MAY CONCERN."[2] The plaintiff's affidavit states that the letter was sent to the Medford welfare offfice.

The defendants were not entitled to summary judgment at least because they have not shown beyond dispute that the

---

[2] A child in need of services (CHINS) proceeding concerning the plaintiff's daughter was pending in that court. See G. L. c. 119, §§ 39E-39J (1984 ed. & Supp. 1985).

letter was sent to the Department of Social Services, an indispensable condition to immunity under § 51A. The judgment for the defendants is vacated, and the case is remanded to the Superior Court.[3]

*So ordered.*

---

[3] There are other potential questions of fact and law. At the time the letter was sent § 51A did not explicitly provide, as it now does (St. 1982, c. 102), that psychologists are governed by its mandatory report and absolute immunity provisions. If any defendant was not required to report child abuse, § 51A provides immunity only for good faith action, which, contrary to the Appeals Court, we believe should not be presumed in favor of defendants, who would have the burden of proof on that issue. If the letter was not a § 51A report, it may matter whether the plaintiff was a patient of the defendants or only her daughter was. See *Alberts* v. *Devine,* 395 Mass. 59, cert. denied sub nom. *Carroll* v. *Alberts,* 474 U.S. 1013 (1985); G. L. c. 233, § 20B (1984 ed. & Supp. 1985). If the letter was a § 51A report (a conclusion not yet established in this case), we do not imply that it properly could be used in a CHINS proceeding without parental consent, approval of the Commissioner of the Department of Social Services, or a court order. G. L. c. 119, § 51E (1984 ed.).