Merrick, RJ.
Defendant St Mary Star of the Sea School (the “School”) is a licensed preschool in Beverly, Massachusetts. Defendant Anne Norton (the *174 “teacher”), a teacher employed by the School, reported to the Massachusetts Department of Social Services (“DSS”) her suspicions that the plaintiffs’ five year old son was the subject of abuse or neglect The report was based not only upon the boy’s having appeared at school on three occasions with apparent injuries to his head, but also upon the teacher’s observations of the child’s interactions with the plaintiffs. Neither the teacher, nor the School, made a written report After an investigation, DSS found the complaint to be unsupported.
The plaintiffs claimed that the report to DSS was false and without any reasonable basis, or was intentionally false and exaggerated. Based on those claims, the plaintiffs filed this action to recover damages for the defendants’ alleged negligence, intentional infliction of emotional distress, abuse of process, defamation, breach of contract and violation of G.L.c. 93A The trial court allowed the defendants’ Mass. R. Civ. P., Rule 12(b)(6), motion to dismiss on the ground that the DSS report was by a mandated reporter under G.L.c. 119, §51A and could not, therefore, be the basis of criminal or civil liability. The plaintiffs filed fifis Dist/ Mun. Cts. R. A D. A, Rule 8A, expedited appeal of the courts ruling.
General Laws c. 119, §51A provides, in pertinent part
Any ... public or private school teacher, ... who, in his professional capacity shall have reasonable cause to believe that a child under the age of eighteen years is suffering physical or emotional injury resulting from abuse inflicted upon him which causes harm or substantial risk of harm to the child’s health or welfare ... or from neglect,... shall immediately report such condition to the department [of Social Services] by oral communication and by making a written report within forty-eight hours after such oral communication;... Any such person so required to make such oral and written reports who fails to do so shall be punished by a fine of not more than one thousand dollars [emphasis supplied].
Thus, on pain of a $1,000.00 criminal fine, the teacher in this case, a mandated reporter under §51A, was required by that statute to make an oral report immediately to DSS followed by a written report within 48 hours if she had “reasonable cause to believe” a child had been abused or neglected. “In the context of §51A, ‘reasonable cause to believe’ has been interpreted to mean ‘known or suspected instances of child abuse and neglect [emphasis in original].” Care and Protection of Robert, 408 Mass. 52, 63 (1990).
Most significantly for purposes of the present case, §51A further provides: “No person so required to report shall be liable in any civil or criminal action by reason of such report” It is the plaintiffs’ single argument in support of this appeal that this statutory protection against civil or criminal liability has no application unless the reporter makes both oral and written reports. The plaintiffs thus contend that because the teacher and School made only an oral report, they are not entitled to statutory immunity.
Under the plain language of the statute, the defendants may be held liable for a $1,000.00 fine for failing to follow up the oral report with a written one. The statute also provides, in seeming contradiction to the proscription of “any civil or criminal action,” that one who knowingly makes a frivolous report may be liable for a criminal fine of $1,000.00. Contrary to the plaintiffs’ contention, however, nothing in the statute lends itself to a suggestion that the protection again civil’ liability for reports by mandated reporters applies only when both the oral and written reports have been made. Moreover, any such interpretation would be contrary and deleterious to the obvious Legislative intent underlying §51A “to encourage certain professionals to report known or suspected abuse so that those who are vulnerable and at risk... may be protected.” Cooney v. Department of Mental Retardation, 52 Mass. App. Ct. 378, 382-383 (2001).
*175 Unable to point to any language in the statute so limiting a reporter’s immunity, the plaintiffs rely on a single sentence in Hope v. Landau, 398 Mass. 738 (1986). The plaintiff brought suit in that case because of a letter from McLean Hospital to a District Court social worker which allegedly included privileged information without the plaintiffs consent The trial judge granted summary judgment for the defendants on the basis of the protection provided by §51A With regard to §51A immunity, the Appeals Court stated:
The Legislature, thus, has stated clearly its intent to place greater importance on the protection of children than on the right to be protected against the disclosure of confidential information. The writer of a report is immune from liability regardless of the correctness of his belief as to the child’s injuries or their cause. Even the absence of good faith in making a report is immaterial to liability so long as the report is one which is mandatory under the statute.
Hope v. Landau, 21 Mass. App. Ct. 240, 243 (1985).
Upon further appellate review, the Supreme Judicial Court vacated summary judgment, not because it took a different view of the nature and scope of the immunity afforded by §51A, but because there was a question of fact as to whether the letter in question was directed to DSS as required by the statute. The court stated: “The defendants were not entitled to summary judgment at least because they have not shown beyond dispute that the letter was sent to the Department of Social Services, an indispensable condition to immunity under §51A "Hope v. Landau, 398 Mass. 738, 739-740 (1986). Contrary to the plaintiffs’ argument in this case, the Courfs statement does not mean that a letter or written report is the “indispensable condition to immunity under §51A.” Instead, as the Court clearly stated, the condition for §51A protection is that the letter or communication must be directed to DSS.
Judgment affirmed.
So ordered.